UNITED STATES DISTRICT COURT DISTRICT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Gary Spano, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No:  06-0743-DRH |
| | ) | |
| The Boeing Company, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Come now Plaintiffs Gary Spano, John Bunk, James White, Jr. and Victor Dubbs (collectively, the "Plaintiffs") and move this Court to certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. In support, they state as follows:

1. This action arises from the breach of the fiduciary duties imposed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 *et seq.* ("ERISA"), on Defendant Boeing Company ("Boeing"), the Employee Benefits Plan Committee (the "Committee"), and other fiduciaries.

2. Plaintiffs are participants in the Boeing Company Voluntary Investment Plan (the "Plan").

3. Plaintiffs seek appointment as representatives of a class (the "Class") consisting of:

> All persons, *excluding the Defendants and/or other individuals who are or may be liable for the conduct described in this Complaint,* who are or were participants

1

or beneficiaries of the Plan and who are, were or may have been affected by the conduct set forth in this Complaint, as well as those who will become participants or beneficiaries of the Plan in the future.

4. Plaintiffs have shown that the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure are met with regard to both proposed classes:

   a. The Class consists of at least 189,577 plan participants. The Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to the Class, including the identity and roles of the Plan's fiduciaries, whether the actions of the Plan's fiduciaries constituted a breach of their fiduciary duties, and the appropriate plan-wide remedy for the breaches;

   c. The claims or defenses of the Plaintiffs are typical of the claims or defenses of the Class in that the factual underpinnings and legal theories advanced by Plaintiffs apply to the class as a whole, and the recovery Plaintiffs seek will benefit each member of the proposed class; and

   d. The Plaintiffs will fairly and adequately protect the interests of the Class. The interests of the named plaintiffs are the same as, and not in conflict with, the other members of the class. Plaintiffs' attorneys are competent, experienced, qualified and able to vigorously conduct the proposed class action.

5. The requirements of Rule 23(b) are also satisfied.

6. Certification under Rule 23(b)(1) is appropriate because the failure to certify the proposed Class could result in inconsistent or varying adjudications with respect to the individual members of the Class; such inconsistent or varying adjudications would establish incompatible standards of conduct for the Defendants, and adjudications with respect to individual members of the proposed Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. In fact, the drafters of Rule 23(b)(1) described suits such as this one – an action for breach of fiduciary duty brought by those to whom the duty is owed – as a prime example of why Rule 23(b)(1)(B) was enacted. Committee Notes, Fed. R. Civ. P 23(b)(1)(B) (1966 amendments).

7. In the alternative, Plaintiffs seek certification under Rules 23 (b)(2) and 23(b)(3). Rule 23(b)(2) certification is appropriate because Plaintiffs seek injunctive and declaratory relief under ERISA § 502(a)(2), alleging that Defendants have acted or refused to act on grounds generally applicable to the proposed Class as a whole. Because the monetary relief sought by Plaintiffs is more than "incidental," certification of those claims is appropriate under Rule 23(b)(3). Because this case focuses on Defendants' actions toward the Class as a whole, common issues of law or fact predominate. A class action is a superior method of managing this litigation.

8. Plaintiffs further request that this Court appoint the firm of Schlichter, Bogard & Denton as Class Counsel, pursuant to Rule 23(g).

WHEREFORE, Plaintiffs respectfully request the Court to enter an Order granting their Motion for Class Certification as set out herein and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Schlichter, Bogard & Denton**

s/ Jerome J. Schlichter
Jerome J. Schlichter
Heather Lea
120 W. Main Street, Ste 208
Belleville, IL  62220

100 South Fourth Street
Suite 900
St. Louis, MO 63102
Tel:    314-621-6115
Fax:    314-621-7151
jschlichter@uselaws.com
ehubertz@uselaws.com
hlea@uselaws.com
Lead Counsel for Plaintiffs

4

<u>CERTIFICATE OF SERVICE</u>

      This is to certify that on November 22nd, 2006, a copy of the foregoing Motion for Class Certification was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Thomas E. Wack  
Lisa Demet Martin  
Jeffrey S. Russell  
Kimberly A. Mohr  
Bryan Cave LLP  
211 North Broadway, Ste. 3600  
St. Louis, MO 63102  
(314) 259-2000  
Attorneys for Defendants  
tewack@bryancave.com  
sabettis@bryancave.com  
kmconard@bryancave.com  

Of Counsel:  
Christopher Rillo  
Theodore Scallett  
Groom Law Group  
1701 Pennsylvania avenue, N.W.  
Washington, D.C. 20006  
(202) 861-5418  
crillo@groom.com  

                                                        s/ Jerome J. Schlichter  
                                                        Jerome J. Schlichter