## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GARY SPANO, JOHN BUNK, JAMES WHITE, JR.,**
**and VICTOR DUBBS, as representatives of a class of**
**similarly situated person, and on behalf of the Plan,**

      **Plaintiffs,**

**v.**

**THE BOEING COMPANY, EMPLOYEE BENEFITS**
**PLANS COMMITTEE, and SCOTT M. BUCHANAN,**

      **Defendants.**                                     **Case No. 06-cv-743-DRH**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

        This matter is before the Court on motions to dismiss brought by Defendants The Boeing Company ("Boeing"), Employee Benefits Plans Committee, and Scott M. Buchanan (Docs. 27, 28, 29) and on a motion to strike the demand for a trial by jury asserted by Plaintiffs Gary Spano, John Bunk, James White, Jr., and Victor Dubbs (Doc. 30).[1] For the following reasons, the motions to dismiss are **DENIED**. The motion to strike is **GRANTED**.

### Introduction

        This case is a putative class action for breach of fiduciary duty brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Plaintiffs, who are participants in The Boeing Company Voluntary Investment Plan (the "Plan") allege that Defendants are Plan fiduciaries who have breached their fiduciary duties under ERISA,

---

1.   By order entered April 11, 2007, the Court granted Victor Dubbs leave to withdraw as a named Plaintiff in this case.

*see* 29 U.S.C. § 1104, by failing to contain Plan costs and paying unreasonable fees to service providers to the Plan, as well as by failing to minimize costs associated with investment in employer securities under the Plan and holding a portion of the Plan's assets in cash.  Plaintiffs assert claims under ERISA § 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and (a)(3), and seek certification of a class of similarly-situated persons.  Defendants in turn have moved under Rule 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' complaint and to strike Plaintiffs' jury demand.  Having reviewed carefully the submissions of the parties, the Court now is prepared to rule.

<u>Discussion</u>

1.      **Motions to Dismiss**

The Rule 12(b)(6) motions before the Court seek dismissal of Plaintiffs' complaint on the following grounds:  Plaintiffs have failed adequately to allege that Boeing and Buchanan are fiduciaries of the Plan; Plaintiffs' exclusive remedy in this instance is under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), precluding any claim under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and Plaintiffs have failed adequately to allege claims of nondisclosure by Defendants.  At the outset, the Court notes the familiar standard under which a Rule 12(b)(6) motion is evaluated.  A court must accept all well-pleaded allegations in a plaintiff's complaint as true.  *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002).  The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the allegations of a complaint, not to determine the merits of a case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Coolsavings.Com, Inc. v. Catalina Mktg. Corp.*, No. 98 C 6668, 1999 WL 342431, at *1 (N.D. Ill. May 14, 1999).  "Because the Federal Rules of Civil Procedure establish a liberal pleading system that requires only

notice pleading, a 'complaint's mere vagueness or lack of detail is not sufficient to justify a dismissal.'" *Brown v. SBC Communications, Inc.*, No. 05-cv-777-JPG, 2007 WL 684133, at *2 (S.D. Ill. Mar. 1, 2007) (quoting *National Serv. Ass'n, Inc. v. Capitol Bankers Life Ins. Co.*, 832 F. Supp. 227, 230 (N.D. Ill. 1993)). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *See also Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988).

Also worth noting at the outset is the fact that claims of breach of fiduciary duty under ERISA are subject to no pleading standard more stringent than Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to present only "a short and plain statement of the claim showing that the pleader is entitled to relief" and states that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (e)(1). *See also In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 652 (S.D. Tex. 2003) ("ERISA does not have heightened pleading requirements, but is subject to the notice pleading standard of [Rule 8], i.e., . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . and that provides a defendant with fair notice of the claim against him."); *In re WorldCom, Inc.*, 263 F. Supp. 2d 745, 759 (S.D.N.Y. 2003) (applying Rule 8 and finding that it was satisfied even though the complaint's allegations about a defendant's fiduciary status "[did] little more than track the statutory definition of a fiduciary."). Courts generally hold that this is so even when some allegations of a claim of breach of fiduciary duty under ERISA arguably sound in fraud or deceit. *See, e.g., In re AEP ERISA Litig.*, 327 F. Supp. 2d 812, 822 (S.D. Ohio 2004) (quoting

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)) (holding that plan participants were not required to satisfy heightened pleading requirements for alleged material misstatements or omissions by plan fiduciaries: "[T]his Court can discern no reason why, generally, ERISA plaintiffs should have to meet heightened pleading requirements, as opposed to the 'simplified notice pleading standard [that] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.'"); *Rankin v. Rots*, 278 F. Supp. 2d 853, 866 (E.D. Mich. 2003) ("Here, [the plaintiff] claims that [the defendants] violated their fiduciary duties under ERISA.  While some of the allegations in support of [the] claim are similar to fraud allegations, *i.e.* that they provided false and misleading information, the gravamen of [the plaintiff's] claim is grounded in ERISA.  The heightened pleading requirement under Rule 9(b) [of the Federal Rules of Civil Procedure] will not be imposed where the claim is for a breach of fiduciary duty under ERISA.").  *But cf. Lively v. Dynegy, Inc.*, 420 F. Supp. 2d 949, 955 (S.D. Ill. 2006) (holding that allegations by plan participants that plan fiduciaries made "false, misleading, incomplete and inaccurate disclosures and representations" to the participants were pleaded with insufficient particularity under Rule 9(b)).[2]

Turning then to the issue of whether Plaintiffs have adequately alleged that Boeing and Buchanan are Plan fiduciaries, Defendants argue that they have not because the operative complaint in this cause alleges only that Boeing is the Plan sponsor and a fiduciary of the Plan, *see* Doc. 2 ¶ 7, ¶ 19, and that Buchanan "is Boeing's Director of Benefits Delivery and the individual

---

2.    The Court need not decide whether allegations of misrepresentation by plan fiduciaries are subject to a heightened pleading standard because, as will be discussed infra, the allegations of nondisclosure in this case pertain to an affirmative defense that it is Defendants' burden to plead and prove.

designated by Boeing to sign as Plan Administrator of the Plan for filings with government regulators." *Id.* ¶ 21. Under ERISA, "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). Thus, "ERISA makes the existence of discretion a sine qua non of fiduciary [status]." *Pohl v. National Benefits Consultants, Inc.*, 956 F.2d 126, 129 (7th Cir. 1992). *See also Health Cost Controls of Ill., Inc. v. Washington*, 187 F.3d 703, 709 (7th Cir. 1999) (citing 29 U.S.C. § 1002(21)(A)) ("An ERISA fiduciary is . . . anyone who has substantial control over the assets, management, or administration of an ERISA plan.").

As Defendants point out, an employer does not automatically become a fiduciary merely because it establishes a benefits plan for its employees, if in fact that employer has no discretionary control over the management of the plan. *See Senn v. United Dominion Indus., Inc.*, 951 F.2d 806, 816-18 (7th Cir. 1992); *Fletcher v. Kroger Co.*, 942 F.2d 1137, 1139-40 (7th Cir. 1991). Similarly, a plan administrator whose "function under the plan [is] clerical, mechanical, [and] ministerial" is not an ERISA fiduciary. *Pohl*, 956 F.2d at 129. *See also Stewart v. Allied Benefit Sys., Inc.*, No. 92 C 4158, 1993 WL 54594, at **1-2 (N.D. Ill. Feb. 23, 1993). Regulations promulgated by the Department of Labor concerning ERISA plans explain that employees who perform purely ministerial functions with respect to a plan within a framework of policies, rules, and procedures established by others do not exercise discretion and thus are not fiduciaries within the meaning of ERISA:

> Q: Are persons who have no power to make any decisions as to plan policy, interpretations, practices or procedures, but who perform the following

administrative functions for an employee benefit plan, within a framework of policies, interpretations, rules, practices and procedures made by other persons, fiduciaries with respect to the plan:

(1) Application of rules determining eligibility for participation or benefits;

(2) Calculation of services and compensation credits for benefits;

(3) Preparation of employee communications material;

(4) Maintenance of participants' service and employment records;

(5) Preparation of reports required by government agencies;

(6) Calculation of benefits;

(7) Orientation of new participants and advising participants of their rights and options under the plan;

(8) Collection of contributions and application of contributions as provided in the plan;

(9) Preparation of reports concerning participants' benefits;

(10) Processing of claims; and

(11) Making recommendations to others for decisions with respect to plan administration?

A: No.  Only persons who perform one or more of the functions described in section 3(21)(A) of [ERISA] with respect to an employee benefit plan are fiduciaries.  Therefore, a person who performs purely ministerial functions such as the types described above for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan, does not exercise any authority or control respecting management or disposition of the assets of the plan, and does not render investment advice with respect to any money or other property of the plan and has no authority or responsibility to do so.

29 C.F.R. § 2509.75-8, D-2.

As a rule, of course, the issue of whether or not a person exercises control and has

discretion with respect to plan assets so as to be considered a fiduciary within the meaning of ERISA is "a factual one, singularly ill-suited . . . to resolution on a challenge to the legal sufficiency of the complaint." *Donovan v. Robbins*, 99 F.R.D. 593, 597 (N.D. Ill. 1983).  If, for example, the Plan document vests Boeing with discretion to select Plan administrators, this would impose on Boeing a fiduciary duty to use care in the selection of such administrators and to monitor the performance of those fiduciaries.  *See Ed Miniat, Inc. v. Globe Life Ins. Group, Inc*., 805 F.2d 732, 736 (7th Cir. 1986) (holding that a complaint against sponsors of an ERISA plan for alleged breach of fiduciary duty withstood dismissal under Rule 12(b)(6) where the sponsors were alleged to have the power to select the fiduciaries administering the plan); *Leigh v. Engle*, 727 F.2d 113, 135 (7th Cir. 1984) (explaining that a plan sponsor has a duty to monitor the plan fiduciaries it selects and cannot "abdicate [its] duties under ERISA merely through the device of giving . . . lieutenants primary responsibility for the day to day management of the trust.").  *See also In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 312 F. Supp. 2d 1165, 1176 (D. Minn. 2004) ("Implicit in the fiduciary duties attaching to persons empowered to appoint and remove plan fiduciaries is the duty to monitor appointees.").[3]  Similarly, it may be the case that Buchanan, in his capacity as Boeing's Director of Benefits Delivery, exercised discretion with respect to the Plan sufficient to render him a fiduciary for ERISA purposes.  As a sister court has noted, determining whether defendants who "are in the universe of possible decision makers" with respect to a plan are therefore plan fiduciaries

---

3.    Of course, the Plan document is not before the Court at this time, nor is it clear that this is the kind of case in which the Court could consider the Plan document in evaluating a Rule 12(b)(6) motion.  *See Wheeler v. Pension Value Plan for Employees of Boeing Co.*, No. 06-cv-500-DRH, 2007 WL 781908, at *1 n.1 (S.D. Ill. Mar. 13, 2007) (a court can consider an ERISA plan document in deciding a Rule 12(b)(6) motion only when it is referenced in a plaintiff's complaint and the plan terms are central to the plaintiff's claims).

"is . . . something of a black box" at the pleading stage. *Rankin*, 278 F. Supp. 2d at 879.  Thus, "[t]o

expect a plaintiff to be able to turn on the light and point to the particular individuals who exercised

decision making authority is simply too much to require" at that stage.  *Id.* (holding that outside

directors of a sponsor of an ERISA plan were not entitled to dismissal at the pleading stage on the

grounds that they were not plan fiduciaries).  *See also In re CMS Energy ERISA Litig.*, 312

F. Supp. 2d 898, 907-09 (E.D. Mich. 2004) (holding fiduciary status could not be determined on a

motion to dismiss.); *In re Electronic Data Sys. Corp. "ERISA" Litig.*, 305 F. Supp. 2d 658, 665

(E.D. Tex. 2004) ("It is typically premature to determine a defendant's fiduciary status at the motion

to dismiss stage of the proceedings . . . . [because] under Federal Rule of Civil Procedure 8(a)'s

notice pleading requirements, courts will typically have insufficient facts at the motion to dismiss

stage from which to make the law/fact analysis necessary to determine . . . fiduciary status.");

*Stewart*, 1993 WL 54594, at *1 ("[W]e cannot determine from the pleadings whether or not [the

defendant] is a fiduciary.").  The important point, obviously, is that at this juncture it is impossible

for the Court properly to evaluate whether Boeing and Buchanan exercised discretionary control

with respect to the Plan such as to make them Plan fiduciaries for purposes of ERISA, particularly

in light of the principle that status under ERISA as a fiduciary is to be liberally construed.  *See In*

*re Enron*, 284 F. Supp. 2d at 544 ("Fiduciary status under ERISA is to be construed liberally . . . and

is defined . . . in functional terms of control and authority over the plan, . . . thus expanding the

universe of persons subject to fiduciary duties – and to damages – under [the statute].").  The Court

concludes that Plaintiffs' allegations of fiduciary status with respect to Boeing and Buchanan

withstand dismissal under Rule 12(b)(6).

        The Court turns next to the question of whether Plaintiffs are entitled to maintain a

claim under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which provides that "[a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"  29 U.S.C. § 1132(a)(3).  As discussed, Plaintiffs assert this claim in addition to a claim under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), which authorizes an action by the Secretary of Labor or by a participant, beneficiary, or fiduciary of an ERISA plan to recover on behalf of the plan for losses caused by a breach of fiduciary duty within the meaning of ERISA § 409, 29 U.S.C. § 1109.  *See Lively v. Dynegy, Inc.*, No. 05-CV-00063-MJR, 2007 WL 685861, at *2 (S.D. Ill. Mar. 2, 2007) (actions for fiduciary breach under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), must be brought in a representative capacity on behalf of a plan as a whole); *Boeckman v. A.G. Edwards, Inc.*, 461 F. Supp. 2d 801, 806-07 (S.D. Ill. 2006) (same).  On the facts alleged in the complaint, it is not wholly clear that the relief sought by Plaintiffs is "equitable" within the meaning of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).  *See Sereboff v. Mid Atl. Med. Servs., Inc.*, 126 S. Ct. 1869, 1874-75 (2006); *Administrative Comm. of Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Varco*, 338 F.3d 680, 687-88 (7th Cir. 2003); *Gutta v. Standard Select Trust Ins.*, No. 04 C 5988, 2006 WL 2644955, at **24-27 (N.D. Ill. Sept. 14, 2006). However, at this stage of the proceedings the Court is not required to decide the question.  Rule 8 specifically provides that "[a] party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses . . . . A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds."  Fed. R. Civ. P. 8(e)(2).  Rule 8

authorizes a plaintiff to plead claims in the alternative under ERISA § 502(a)(2) and (a)(3), 29

U.S.C. § 1132(a)(2) and (a)(3).  *See Donaldson v. Pharmacia Pension Plan*, 435 F. Supp. 2d

853, 869 n.5 (S.D. Ill. 2006) (holding that Rule 8 permitted the plaintiffs to plead alternative claims

under ERISA § 502(a)(1)(B) and (a)(3), 29 U.S.C. § 1132(a)(1)(B) and (a)(3)).

        The Court likewise rejects Defendants' contention, founded upon the common law

of trusts but unsupported by any judicial construction of ERISA, that Plaintiffs may not seek an

accounting under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), against a defendant other than a Plan

trustee.  It is the case, of course, that ERISA was drafted against the backdrop of the common law

of trusts, but it is not coextensive with that law; for example, while fiduciary duties under ERISA

originate in the common law of trusts, the duties imposed by the statute are both broader and more

stringent than the common law of trusts.  *See Boeckman*, 461 F. Supp. 2d at 809, 815.  *See also

Useden v. Acker*, 947 F.2d 1563, 1581 (11th Cir. 1991) ("[W]hile it is obvious that ERISA is

informed by trust law, the statute is, in its contours, meaningfully distinct from the body of the

common law of trusts.").  The Court is particularly skeptical of Defendants' argument that in this

instance the common law of trusts operates as a limitation on the scope of the statute in view of the

familiar principles that ERISA is a "comprehensive and reticulated statute," *Nachman Corp. v.

Pension Benefit Guar. Corp.*, 446 U.S. 359, 361 (1980), as well as a remedial statute that is to be

construed liberally in favor of plan participants and beneficiaries.  *See Lively*, 2007 WL 685861,

at *13.  Defendants' novel interpretation of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), also does

not square with settled judicial construction of the statute.  While it is the case that some subsections

of ERISA § 502, 29 U.S.C. § 1132, contain limitations on proper parties defendant in an action

under the statute, *see Walker v. Monsanto Co. Pension Plan*, Nos. 04-cv-436-DRH, 06-cv-139-DRH,

06-cv-003-DRH, 05-cv-736-DRH, 2006 WL 2802051, at *3 (S.D. Ill. Sept. 27, 2006) (discussing ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)), "ERISA § 502(a)(3) 'admits of no limit . . . on the universe of possible defendants.'"   *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 811 (S.D. Ill. 2002) (quoting *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000)).   In particular, ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), is the lone remedy furnished to an ERISA plan participant under the statute for seeking an accounting against a non-fiduciary of the plan.  *See, e.g., Machinery Movers, Riggers & Mach. Erectors, Local 136 v. Nationwide Life Ins. Co.*, No. 03 C 8707, 2006 WL 2927607, at **4-6 (N.D. Ill. Oct. 10, 2006); *Daniels v. Bursey*, 313 F. Supp. 2d 790, 806-09 (N.D. Ill. 2004); *Keach v. U.S. Trust Co., N.A.*, 244 F. Supp. 2d 968, 971-73 (C.D. Ill. 2003).  *See also Jefferson Nat'l Bank of Miami Beach v. Central Nat'l Bank in Chicago*, 700 F.2d 1143, 1150 (7th Cir. 1983) (noting that typical examples of equitable relief at common law include an accounting or an injunction).

The Supreme Court of the United States has cautioned that, although "ERISA abounds with the language and terminology of trust law," it is only where the statute is unclear that federal courts may look to the common law of trusts to fill in the gaps in the statutory scheme. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109-10 (1989).  *See also Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146-47 (1985).  Correspondingly, in interpreting the statute, courts should "reject the unselective incorporation of trust law rules into ERISA.  Rather, a court should only incorporate a given trust law principle if the statute's text negates an inference that the principle was omitted deliberately from the statute." *Moore v. American Fed'n of Television & Radio Artists*, 216 F.3d 1236, 1244 n.17 (11th Cir. 2000) (quoting *Useden*, 947 F.2d at 1581). "ERISA is a . . . comprehensive and reticulated statute, . . . bearing the marks of circumspect

drafters; courts should proceed with commensurate circumspection before concluding that a prominent feature of trust law was omitted from the statute merely through inadvertence." *Id*. In this instance, Defendants' attempt to limit the scope of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), based on common-law trust principles finds no support in the statutory language or in settled judicial construction of the statute and therefore the Court rejects Defendants' construction of the statute.[4]

Finally, the Court addresses Defendants' challenge to the adequacy of Plaintiffs' allegations regarding certain material nondisclosures to Plan participants by Plan fiduciaries.  The subject allegations pertain to Defendants' ability to maintain a defense under ERISA § 404(c), 29 U.S.C. § 1104(c).  That statute provides that, in the case of an individual account plan that permits a participant to exercise control over investment of assets in his or her account, plan fiduciaries are not liable for investment losses sustained by participants if the plan makes certain required disclosures to participants.  *See* 29 U.S.C. § 1104(c)(5)(B); 29 C.F.R. § 2550.404c-1(b)(2)(i)(B). Specifically, assuming the requisite disclosures are made:

> (1)(A) In the case of a pension plan which provides for individual accounts and permits a participant or beneficiary to exercise control over the assets in his account, if a participant or beneficiary exercises control over the assets in his account (as determined under regulations of the Secretary [of Labor]) –
>
> * * * *
>
> (ii) no person who is otherwise a fiduciary shall be liable under this part for any loss, or by reason of any breach, which results from such participant's or beneficiary's exercise of control[.]

---

4.    The Court notes in passing that Defendants' argument likewise does not seem to be supported by the common law of trusts, which authorizes a trust beneficiary to seek equitable relief from a non-fiduciary acting in concert with a fiduciary.  *See* Restatement (Second) of Trusts § 326 (1959).

29 U.S.C. § 1104(c).[5]  As the Court held recently in a case involving a complaint substantially identical to the complaint in the case at bar, a defense under ERISA § 404(c), 29 U.S.C. § 1104(c), is an affirmative defense that must be pleaded and proved by a defendant seeking to raise it.  *See George v. Kraft Foods Global, Inc.*, No. 06-cv-798-DRH, 2007 WL 853998, at *4 (S.D. Ill. Mar. 16, 2007).  *See also Pedraza v. Coca-Cola Co.*, 456 F. Supp. 2d 1262, 1269 n.11 (N.D. Ga. 2006); *Woods v. Southern Co.*, 396 F. Supp. 2d 1351, 1367 (N.D. Ga. 2005); *In re AEP*, 327 F. Supp. 2d at 829-30; *In re Reliant Energy ERISA Litig.*, 336 F. Supp. 2d 646, 669 (S.D. Tex. 2004).  Accordingly, the Court concludes that any failure by Plaintiffs adequately to plead Defendants' affirmative defense is not grounds for dismissal of the complaint.  *See George*, 2007 WL 853998, at *4 (quoting *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)) ("Surplusage . . . in a complaint . . . can and should be ignored . . . . A district court is not authorized to dismiss a complaint merely because it contains . . . irrelevant matter[.]").  Defendants' Rule 12(b)(6) motions will be denied.

      **2.**     **Motion to Strike**

       As discussed, Defendants also have moved to strike Plaintiffs' request for a trial by jury on their ERISA claims.  As with Defendants' motions to dismiss, the Court prefaces its discussion of this issue with a recitation of the standard under which a motion to strike must be evaluated.  Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, "[u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by

---

5.    The parties do not dispute that the Plan is an "individual account plan" within the meaning of ERISA.  *See* 26 U.S.C. § 401(k); 29 U.S.C. § 1002(34); 29 U.S.C. § 1104(a)(1)(C), (a)(2); 29 U.S.C. § 1107(d)(3)(A).

these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f), which applies only to redundant or immaterial matter contained in a pleading, is the sole vehicle for striking such matter furnished by the Federal Rules of Civil Procedure. *See Kitson v. Bank of Edwardsville*, No. CIV. 06-528-GPM, 2006 WL 4019180, at *1 (S.D. Ill. Nov. 16, 2006). It is, of course, "the general rule that motions to strike are disfavored. This is because motions to strike potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). *See also Indiana Gas Co. v. Aetna Cas. & Sur. Co.*, No. 1:95-CV-101, 1995 WL 866417, at *2 (N.D. Ind. July 12, 1995) ("Generally, motions under Rule 12(f) are viewed with disfavor since the striking of a portion of a pleading is a drastic measure, and because such motions can be used as a dilatory tactic.").

However, where a motion to strike "removes unnecessary clutter from the case, [it] serve[s] to expedite, not delay." *Heller Fin., Inc.*, 883 F.2d at 1294. *See also Resolution Trust Corp. v. Gallagher*, No. 92 C 1091, 1992 WL 370248, at *3 (N.D. Ill. Dec. 2, 1992) ("While generally disfavored, a motion to strike is useful when the parties disagree on the legal implications of the uncontroverted facts."). Rule 12(f) is commonly employed in this Circuit to strike a plaintiff's demand for a jury trial where as a matter of law the plaintiff has no right to a jury trial. *See, e.g., Consolidated City of Indianapolis v. Union Carbide Corp.*, No. 1:02-CV-1340-LJM-WTL, 2003 WL 22327833, at **1-2 (S.D. Ind. Oct. 8, 2003) (granting under Rule 12(f) a request to strike a plaintiff's demand for a jury trial in an action brought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act); *Cabin v. Plastofilm Indus., Inc.*, No. 96 C 2564, 1996

WL 496604, at *1 & n.1, **3-4 (N.D. Ill. Aug. 29, 1996) (granting pursuant to Rule 12(f) a motion

to strike a jury demand as to claims under ERISA § 510, 29 U.S.C. § 1140).  *But cf. Miller v. Illinois*

*Dep't of Mental Health & Developmental Disabilities*, No. 93 C 7765, 1994 WL 654764, at **1-2

(N.D. Ill. Nov. 14, 1994) (a motion to strike a plaintiff's jury demand in a Title VII case was most

properly construed as being brought pursuant to Rule 12(b)(6), not Rule 12(f)).[6]

Turning then to the merits of Defendants' request to strike Plaintiffs' jury

demand, the Seventh Amendment sets forth the constitutional basis for the right to a jury trial in

federal court:  "In [s]uits at common law, where the value in controversy shall exceed twenty

dollars, the right of trial by jury shall be preserved[.]"  U.S. Const. amend. VII.  *See also*

Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the

Constitution or as given by a statute of the United States shall be preserved to the parties

inviolate.").  The United States Supreme Court has interpreted this right to extend beyond "suits at

common law," and to embrace all suits in which legal rights are adjudicated, as opposed to actions

---

6.    The Court recognizes that it is perhaps something of a gray area whether Rule 12(b)(6) or
Rule 12(f) most properly applies to a request for dismissal as a matter of law of an ill-founded
demand for a jury trial.  On balance, however, the Court believes the matter is most properly
addressed under Rule 12(f).  Rule 12(b)(6), after all, governs motions to dismiss for failure to
state a claim upon which relief can be granted.  Whether a plaintiff has alleged a claim for relief is
a question quite distinct, of course, from the question of whether that claim is properly triable to a
jury.  *See Hauck v. ConocoPhillips Co.*, Civil No. 06-135-GPM, 2006 WL 1596826, at *7 (S.D. Ill.
June 6, 2006) (discussing the meaning of the term "claim for relief" as employed in the
Federal Rules of Civil Procedure).  Although the Court has inherent power to strike redundant and
immaterial matter from a pleading, *see Kitson*, 2006 WL 4019180, at *1, the Court believes the issue
of whether Plaintiffs' jury demand in this case is most properly addressed under the rubric of Rule 12(f).  *See Armament Sys. & Procedures, Inc. v.
Suncoast Merch. Corp.*, No. 02 C 5310, 2004 WL 1433588, at *3 (N.D. Ill. June 25, 2004) (quoting
*Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004)) ("[T]here is a . . . need
to be cautious when resorting to inherent powers to justify an action, particularly when the matter
is governed  by . . . procedural rules.").

where equitable rights alone are at issue and equitable remedies are administered.  *See Chauffeurs,*

*Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990).  In *Curtis v. Loether*, 415

U.S. 189 (1974), the Court also held that "the Seventh Amendment . . . appl[ies] to statutory actions

enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights

and remedies, enforceable in an action for damages in the ordinary courts of law."  *Id*. at 194.  *See*

*also Lebow v. American Trans Air, Inc.*, 86 F.3d 661, 669 (7th Cir. 1996); *Grayson v. Wickes Corp.*,

607 F.2d 1194, 1196 (7th Cir. 1979); *In re General Motors Corp. Dex-Cool Prods. Liab. Litig.*, Civil

No. MDL-03-1562-GPM, 2007 WL 522300, at *17 (S.D. Ill. Feb. 16, 2007).  To determine whether

a particular action will resolve legal rights and thus give rise to a jury trial right, a court

must examine both the nature of a claim for relief and the remedy sought.  *See Wooddell v.*

*International Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 97 (1991) (citing *Terry*, 494 U.S.

at 565); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir.

2002).  Specifically, a court must:  (1) compare the statutory action in question to analogous

18th-century actions brought prior to the merger of the courts of law and equity; and (2) examine

the remedy sought, and determine whether the claim and the remedy are legal or equitable in nature.

*See Tull v. United States*, 481 U.S. 412, 417-18 (1987).  The second inquiry is the more important

one in the analysis.  *See Terry*, 494 U.S. at 565; *Jefferson Nat'l Bank*, 700 F.2d at 1149.[7]

       The law of this Circuit holds broadly, of course, that actions under ERISA are

--------

7.    The Supreme Court has identified a third consideration in determining whether an action is
legal or equitable for Seventh Amendment purposes, namely, "the practical abilities and limitations
of juries."  *Ross v. Bernhard*, 396 U.S. 531, 538 n.10 (1970).  However, this criterion is relevant
only to a determination of "whether Congress has permissibly entrusted the resolution of certain
disputes to an administrative agency or specialized court of equity, and whether jury trials would
impair the functioning of the legislative scheme[.]"  *Granfinanciera, S.A. v. Norberg*, 492 U.S.
33, 42 n.4 (1989).  Accordingly, this Court does not consider this criterion in this instance.

deemed to be equitable in nature, in light of the origins of ERISA, as discussed, in "the law of trusts, which provides a beneficiary with a legal remedy only with respect to money the trustee is under a duty to pay unconditionally and immediately to the beneficiary." *Wardle v. Central States, S.E. & S.W. Areas Pension Fund*, 627 F.2d 820, 829 (7th Cir. 1980). *See also Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998) (stating in an ERISA action for pension benefits that "there is no right to a jury trial in an ERISA case . . . the reason being that ERISA's antecedents are equitable[.]"); *Jefferson Nat'l Bank*, 700 F.2d at 1149 ("Traditionally, the remedies of the beneficiary of a trust against the trustee have been almost exclusively within the jurisdiction of equity."). Although the United States Court of Appeals for the Seventh Circuit has not spoken directly to the question of whether there is a right to a jury trial in an action under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), the Court has no difficulty concluding that such a claim is equitable in nature. As a sister court in this Circuit observed, "the rights being asserted [in an ERISA suit for breach of fiduciary duty] – the right to an accounting of a fiduciary's exercise of his trust; the right to recover gains derived from fiduciary breaches; and the right to expect that a fiduciary will act with fidelity and prudence – are rights created . . . by the trust instrument which established the [Plan]. Such an instrument, while it has been drafted in conformity with . . . statutory requirements, is nonetheless in substance a creature of equity jurisprudence." *Donovan v. Robbins*, 579 F. Supp. 817, 821 (N.D. Ill. 1984) (emphasis omitted). Similarly, as in *Robbins*, Plaintiffs "[do] not seek to recover on [their] own behalf, but rather, [are] asserting the beneficial rights of [Plan] participants. Whatever recovery is had is to be for the benefit of the [Plan]. This is a paradigmatic application of the equitable remedies of restitution and accounting." *Id*. at 822. The Court agrees with *Robbins* that Plaintiffs' claims under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), are

essentially equitable in nature, so that Plaintiffs have no right to a jury trial on those claims.

The Court notes further that the overwhelming weight of authority in the federal courts holds that actions under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), by participant-beneficiaries and fiduciaries to remedy, as in this instance, alleged violations of ERISA § 409(a), 29 U.S.C. § 1109(a), are equitable in nature for purposes of the Seventh Amendment jury trial right.  *See, e.g., Pereira v. Cogan*, No. 00 CIV. 619(RWS), 2002 WL 989460, at *3 (S.D.N.Y. May 10, 2002) ("The general rule is that . . . actions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity' – carrying with them no right to trial by jury."); *Camp v. Pacific Fin. Group*, 956 F. Supp. 1541, 1552 (C.D. Cal. 1997) ("There is no right to a jury trial in claims under ERISA for breach of fiduciary duty."); *Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va.*, 876 F. Supp. 809, 816 (E.D. Va. 1995) ("[I]ssues raised under § 1132(a)(2) for breach of fiduciary duty are examined under trust law principles and fiduciary standards.  Actions for breach of fiduciary duty by a trustee . . . were within the exclusive jurisdiction of courts of equity at common law, and, thus, not triable by a jury . . . . [T]he nature of the proceedings are inherently equitable."); *Devine v. Combustion Eng'g, Inc.*, 760 F. Supp. 989, 994 (D. Conn. 1991) (no jury trial right in a plan participant's suit for an injunction to prevent a breach of fiduciary duty through an amendment of the plan); *Goodman v. S & A Rest. Corp.*, 756 F. Supp. 966, 970-71 (S.D. Miss. 1990) (no jury trial right in a suit for breach of fiduciary duty for failure to process an application for medical benefits in a timely manner); *Motor Carriers Labor Advisory Council v. Trucking Mgmt., Inc.*, 731 F. Supp. 701, 702-03 (E.D. Pa. 1990) (no jury trial right in a suit by employers against plan trustees for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109); *Baker v. Universal Die Casting, Inc.*, 725 F. Supp. 416, 418-19 (W.D. Ark. 1989)

(no right to a jury trial in a suit by former employees against an employer for wrongful termination of a plan); *Berlo v. McCoy*, 710 F. Supp. 873, 874 (D.N.H. 1989) (no jury trial right in a suit by a plan participant against trustees for alleged breach of fiduciary duty in failing to credit interest); *Brock v. Group Legal Adm'rs, Inc.*, 702 F. Supp. 475, 476 (S.D.N.Y. 1989) (no jury trial right in a suit by the Department of Labor on behalf of participants seeking restitution and an injunction for breach of fiduciary duty); *Browning v. Grote Meat Co.*, 703 F. Supp. 790, 794-95 (E.D. Mo. 1988) (no jury trial right in an action by a former employee against a plan administrator for breach of fiduciary duty for failing to provide medical insurance following termination); *Trustees of Cent. States, S.E. & S.W. Areas Pension Fund v. Golden Nugget, Inc.*, 697 F. Supp. 1538, 1549 (C.D. Cal. 1988) (no jury trial right in a suit by a plan administrator against an investment manager for fiduciary violations in permitting the plan to sell discounted notes that were prepaid in full); *Dasler v. E.F. Hutton & Co.*, 694 F. Supp. 624, 627 n.4 (D. Minn. 1988) (no jury trial right in a suit by plan administrators against an investment manager for breach of fiduciary duty); *Unitis v. JFC Acquisition Co.*, 643 F. Supp. 454, 461-62 (N.D. Ill. 1986) (no jury trial right in a suit by participants challenging an employer's attempt to recover excess plan funding as a breach of fiduciary duty); *Bigger v. American Commercial Lines, Inc.*, 652 F. Supp. 123, 127-28 (W.D. Mo. 1986) (no jury trial right in a suit by participants against plan administrators for breach of fiduciary duty in connection with a transfer of assets from one pension plan to another); *Smith v. ABS Indus., Inc.*, 653 F. Supp. 94, 97-99 (N.D. Ohio 1986) (no jury trial right in an ERISA suit by retirees against employers for breaches of fiduciary duties); *Burud v. Acme Elec. Co.*, 591 F. Supp. 238, 248 n.9 (D. Alaska 1984) (no jury trial right in an employee's suit to undo certain transactions constituting fiduciary breaches).

As to Plaintiffs' claims under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), it is apparent in light of the plain language of the statute, which, as discussed, authorizes only suits for an injunction or "other appropriate equitable relief" to redress violations of the terms of a plan or the provisions of the statute, that such claims are equitable in nature, precluding a right to a jury trial.  29 U.S.C. § 1132(a)(3).  The Seventh Circuit Court of Appeals specifically has held, in fact, that "there is no right to a jury trial" in actions under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). *Bugher v. Feightner*, 722 F.2d 1356, 1358 (7th Cir. 1983).  *See also Bair v. General Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir. 1990) (quoting *Stamps v. Michigan Teamsters Joint Council No. 43*, 431 F. Supp. 745, 747 (E.D. Mich. 1977)) ("[S]ubsection (a)(3) [of ERISA § 502, 29 U.S.C. § 1132,] clearly and specifically creates a civil action for equitable relief."); *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 393 (3d Cir. 1988) ("A close examination of the language of subsection (a)(3) reveals that it is meant to provide only equitable relief and as such Congress can be said to have intended that there be no right to a jury trial under subsection (a)(3) . . . . In using the words 'equitable relief', we can infer that Congress knew the significance of the term equitable and intended that no jury be available on demand."); *Blickenstaff v. R.R. Donnelley & Sons Co. Short-Term Disability Plan*, No. IP 00-983-C-B/S, 2001 WL 87480, at *5 n.3 (S.D. Ind. Jan. 29, 2001) ("[T]his circuit does not allow jury trials for . . . Section 502(a)(3) claims . . . as the statutory remedy is . . . equitable in character."); *Morgan v. Ameritech*, 26 F. Supp. 2d 1087, 1093 (C.D. Ill. 1998) (holding there is no right to a jury trial in a suit under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3):  "The plain language of § 502(a)(3) does not support a reading that legal remedies are available under that section.  In fact, the language supports the reading that only equitable relief is permitted."); *Kann v. Keystone Res., Inc.*, 575 F. Supp. 1084, 1089 (W.D. Pa. 1983) (citing *Wardle*, 627 F.2d 820) ("A prayer for

equitable relief is appropriate in ERISA actions.   Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides . . . that . . . [a] civil action may be brought by a participant, . . . to enjoin any act or practice which violates any provision of [ERISA] or the terms of [a] plan, or . . . to obtain other appropriate equitable relief . . . . In addition to this statutory language, courts have interpreted Congress' silence on the right to a jury trial in ERISA cases as a sign of its intention that suits for pension benefits are equitable."). The Court concludes that Plaintiffs' jury demand as to their claims under ERISA § 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and (a)(3), must be stricken.

<u>Conclusion</u>

Defendants motions to dismiss (Docs. 27, 28, 29) are **DENIED**. Defendants' motion to strike (Doc. 30) is **GRANTED**. Plaintiffs' demand for a trial by jury is **STRICKEN**.

**IT IS SO ORDERED.**

Signed this 17th  day of April, 2007.


<u>/s/       David  RHerndon</u>
**United States District Judge**