**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**GARY SPANO, JOHN BUNK, JAMES WHITE, JR.,**
**and VICTOR DUBBS, as representatives of a class of**
**similarly situated person, and on behalf of the Plan,**

> **Plaintiffs,**

**v.**

**THE BOEING COMPANY, EMPLOYEE BENEFITS**
**PLANS COMMITTEE, and SCOTT M. BUCHANAN,**

> **Defendants.**                                        **Case No. 06-cv-743-DRH**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

This matter is before the Court sua sponte on the matter of a stay with respect to the motion for class certification brought by Plaintiffs Gary Spano, John Bunk, James White, Jr., and Victor Dubbs (Doc. 24).  For the following reasons, the Court sua sponte **STAYS** this case with respect to proceedings as to class certification.

As discussed in a prior order in this case, this is a putative class action for breach of fiduciary duty brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.  *See Spano v. Boeing Co.*, No. 06-cv-743-DRH, 2007 WL 1149192 (S.D. Ill. Apr. 18, 2007).  Plaintiffs allege that they are participants in an employee benefit plan of which Defendants The Boeing Company, Employee Benefits Plans Committee, and Scott M. Buchanan are

fiduciaries, all within the meaning of ERISA.  *See* 29 U.S.C. § 1002(2)(A), (3), (7),

(21)(A).  Plaintiffs allege that Defendants have breached fiduciary duties under ERISA

by failing to contain plan costs and paying unreasonable fees to service providers to

the plan, as well as by failing to minimize costs associated with investment in

employer securities under the plan and holding a portion of plan assets in cash.  *See*

29 U.S.C. § 1104; 29 U.S.C. § 1109.  Plaintiffs assert claims under ERISA § 502(a)(2)

and (a)(3), 29 U.S.C. § 1132(a)(2) and (a)(3), and seek certification of a class of

similarly-situated persons.

        The plan at issue here is an individual account plan within the meaning

of ERISA, s*ee Boeckman v. A.G. Edwards, Inc.*, 461 F. Supp. 2d 801, 803 n.1 (S.D.

Ill. 2006), which raises the prospect that Plaintiffs' claims for breach of fiduciary

duty are subject to an affirmative defense under ERISA § 404(c), 29 U.S.C. § 1104(c).

That statute provides, in pertinent part,

> (1)(A) In the case of a pension plan which provides for individual
> accounts and permits a participant or beneficiary to exercise control
> over the assets in his account, if a participant or beneficiary exercises
> control over the assets in his account (as determined under regulations
> of the Secretary [of Labor]) –
> (i) such participant or beneficiary shall not be deemed to be a fiduciary
> by reason of such exercise, and
> (ii) no person who is otherwise a fiduciary shall be liable under this part
> for any loss, or by reason of any breach, which results from such
>  participant's or beneficiary's exercise of control . . . .

29 U.S.C. § 1104(c).  The United States Department of Labor ("DOL") takes the

position that selecting the investment options in a plan is not a function in the

exercise of which plan fiduciaries are shielded from liability by the statute.  *See* 29

C.F.R. § 2550.404c-1(a)(1); *Final Regulation Regarding Participant Directed Individual Account Plans (ERISA Section 404(c) Plans)*, 57 Fed. Reg. 46906, 46924 n.27 (Oct. 13, 1992).  *See also* DOL Op. Letter No. 90-05A, 1990 WL 172964, at *3 (Mar. 29, 1990).  The Court is required, of course, to give deference to the DOL's opinion.  *See  United States v. Mead Corp*., 533 U.S. 218, 234 (2001) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 139 (1944)) (noting that an agency's interpretation of a statute "may merit some deference whatever its form, given the 'specialized experience and broader investigations and information' available to the agency, and given the value of uniformity in its administrative and judicial understandings of what a national law requires.").  The majority of courts to have interpreted ERISA § 404(c), 29 U.S.C. § 1104(c), have adopted the DOL's position.  *See DiFelice v. U.S. Airways, Inc.*, 397 F. Supp. 2d 758, 774-78 (E.D. Va. 2005); *In re Dynegy, Inc. Erisa Litig.*, 309 F. Supp. 2d 861, 893-94 (S.D. Tex. 2004); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 574-79 (S.D. Tex. 2003); *In re WorldCom, Inc.*, 263 F. Supp. 2d 745, 763-65 (S.D.N.Y. 2003); *Franklin v. First Union Corp.*, 84 F. Supp. 2d 720, 732 (E.D. Va. 2000).  *But cf. Langbecker v. Electronic Data Sys. Corp.*, 476 F.3d 299, 309-13 (5th Cir. 2007); *Hecker v. Deere & Co.*, No. 06 C 719 S, 2007 WL 1874367, at **6-8 (W.D. Wis. June 21, 2007).

The Court is able, of course, to judicially notice both its own electronic docket and that of the United States Court of Appeals for the Seventh Circuit.  *See Jackson v. Van Kampen Series Fund, Inc.*, Nos. 06-cv-944-DRH, 06-cv-994-DRH,

2007 WL 1532090, at *1 (S.D. Ill. May 24, 2007); *Parthasarathy v. T. Rowe Price Int'l Funds, Inc.*, Nos. 06-cv-943-DRH, 06-cv-1008-DRH, 2007 WL 1532104, at *1 (S.D. Ill. May 24, 2007).  An appeal pursuant to Rule 23(f) of the Federal Rules of Civil Procedure has been granted by the Seventh Circuit Court of Appeals as to a decision by another judge of this Court, *Lively v. Dynegy, Inc.*, No. 05-CV-00063-MJR, 2007 WL 685861 (S.D. Ill. Mar. 2, 2007), holding that a defense under ERISA § 404(c), 29 U.S.C. § 1104(c), does not defeat the commonality and typicality requirements for class certification under Rule 23(a)(2) and (a)(3) in a class action asserting ERISA breaches of fiduciary duty with respect to a 401(k) individual account plan.  *See Lively*, 2007 WL 685861, at *8, **10-11 & n.5.  In light of the pendency of the appeal in *Lively*, the Court believes that it would be imprudent to proceed further on the matter of class certification until the appeal is resolved.  Thus, the Court will enter a stay sua sponte as to Plaintiffs' motion for class certification.   *See Kircher v. Putnam Funds Trust*, Nos. 06-cv-939-DRH, 06-cv-1001-DRH, 2007 WL 1532116, at *2 (S.D. Ill. May 24, 2007) (citing, inter alia, *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1054 (S.D. Ill. 2006)) (a court has inherent authority to enter a full or partial stay of proceedings sua sponte).

To conclude, the Court sua sponte **STAYS** proceedings with respect to Plaintiffs' motion for class certification (Doc. 24) pending resolution of the *Lively* appeal.

**IT IS SO ORDERED.**

Signed this 10th day of September, 2007.

/s/      DavidRHerndon
**United States District Judge**