IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY SPANO, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:06-cv-00743-DRH-DGW |
| ) | |
| THE BOEING COMPANY, et. al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Currently pending before the Court is Plaintiffs' Motion to Compel Defendants to provide complete, unredacted answers to Plaintiffs' first set of interrogatories and first set of requests for production (Doc. 85), Defendants have responded (Doc. 90), and Plaintiffs have filed a reply (Doc. 92). For the reasons set forth below, this motion is **DENIED**.

**FACTUAL BACKGROUND**

The Plaintiffs in this case, Gary Spano, John Bunk, and James White, Jr. ("Plaintiffs"), filed their complaint against the Defendants, The Boeing Company, the Employee Benefits Plans Committee, and Scott Buchanan ("Defendants"), on September 28, 2006 (Doc. 2). This action is brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.* ("ERISA"), alleging that the Defendants breached their fiduciary duties as defined contribution plan administrators under the Act.

Plaintiffs are participants in Boeing's VIP Plan, a defined contribution plan, popularly known as a 401(k) plan. In addition to the VIP plan, Boeing offered other defined contribution plans, as well as traditional pension plans. As the amended complaint makes clear (Doc. 109), this lawsuit concerns <u>only</u> the VIP defined contribution plan. All of Boeing's defined contribution retirement plans, however, were included together into a Master Trust, and the

combined plans were managed together. The VIP plan was by far the largest of the defined contribution plans, making up 94% of the Master Trust.

At the time the motion to compel was filed, Defendants had produced over 50,000 documents in the case. This production was undertaken pursuant to a Confidentiality Agreement to which all parties agreed (Doc. 86, Exh. E). During the course of production, Defendants produced a number of documents, portions of which had been redacted. Plaintiffs requested that Defendants provide all of the documents free of any redaction. Defendants refused. The production of these redacted documents is the basis of the pending motion to compel.

The Court heard argument regarding this discovery dispute on October 2, 2007, and thereafter ordered the parties to file motions to compel.

In the memorandum in support of the motion to compel, Plaintiffs make a number of arguments as to why they are entitled to the unredacted documents (Doc. 86). First, they argue that their initial discovery requests, which sought information on the Master Trust, encompass the information and passages redacted by Defendants. Second, they argue that their requests for information about the other plans are calculated to lead to the discovery of admissible evidence, and that they are relevant in determining (1) whether the "leverage" of the VIP plan was used to benefit other Boeing plans, and (2) how the combined plans were used in negotiating fees for the VIP plan. Third, they argue that redactions for relevance are not appropriate under the federal rules.

In response, the Defendants argue that the information sought by the Plaintiffs is not relevant to the issues in the case at bar (Doc. 90). Defendants contend that the complaint is limited to the VIP plan, and therefore, that information regarding other Boeing benefit plans is

not relevant to that complaint. Further, they argue that redaction of irrelevant material is an acceptable means of producing documents. Finally, Defendants maintain that objections to relevance should be remedied by *in camera* inspection of the documents at issue.

**DISCUSSION**

Federal Rule of Civil Procedure 26 contemplates expansive discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 further states: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

There are limits to discovery, however. The Supreme Court has held that there are "ultimate and necessary boundaries" to discovery. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). In Oppenheimer, the Court held that "discovery of a matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." Id. at 352.

Courts frequently restrict discovery based on relevance. See Balderston v. Fairbanks Morse Engine Div. Of Coltec Indus., 328 F.3d 309, 320 (7th Cir. 2003) (upholding district court's limitations on discovery based upon relevance); Kinkead v. Southwestern Bell Telephone Co., 49 F.3d 454, 457 (8th Cir. 1995) (affirming district court's denial of motion to compel discovery based in part on irrelevance of documents in question); Diak v. Dwyer, Costello, and Knox, P.C., 33 F.3d 809, 813 (7th Cir. 1994) (upholding district court's denial of request for discovery regarding redacted tax returns); and Detweiler Bros., Inc. v. John Graham & Co., 412 F. Supp. 416, 422 (E.D. Wash. 1976) (requests for production of documents regarding building project were too broad and therefore not relevant where issues in case were limited to steam

3

piping).

As to the Court's power to regulate discovery, the Rule states, "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." Spiegla v. Hull, 371 F.3d 928, 944 (7th Cir. 2004).

The Court finds that Plaintiffs requests seeking discovery of documents regarding non-VIP plans are simply not relevant to the subject matter of the complaint, which deals only with the VIP 401(k) plan. The Court rejects Plaintiffs' argument that discovery of the non-VIP plans is relevant to finding out how Boeing used the plans in the master trust as a whole to obtain services for each of the plans. The VIP plan is by far the largest plan in the Master Trust. More importantly, the VIP plan is the only plan at issue in this case.

The Court also rejects Plaintiffs' argument that redaction is an improper method of challenging the relevance of a document. Although not specifically addressed in the Rule, other courts have found redaction appropriate where the information redacted was not relevant to the issues in the case. See Beauchem v. Rockford Products Corp., 2002 WL 1870050 at *2 (N.D. Illinois Aug. 13, 2002) (finding good cause existed to support redaction based on relevance); Schiller v. City of New York, 2006 WL 3592547 at *7 (S.D.N.Y. Dec. 7, 2006) (upholding redaction of portions of meeting minutes not relevant to issues in case). To their credit, the Defendants produced the documents containing irrelevant information with redacted portions instead of not producing the documents at all.

Thus, the Court concludes that the redaction of information on plans other then the VIP plan was acceptable because that information is not relevant to the issues in this case and not

4

reasonably calculated to lead to the discovery of admissible evidence. If Plaintiffs have a reason to believe that other redactions not brought to the Court's attention in this motion to compel were not based upon relevance regarding the VIP plans, they may move the court, on a document by document basis, for *in camera* review.

CONCLUSION

Based on all the foregoing, the Court finds that the information sought in Plaintiffs' Motion to Compel is not relevant to the VIP plan that is the subject of the present lawsuit. Accordingly, Plaintiffs' Motion to Compel (Doc. 85) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 16, 2008**

                                                  s/ *Donald G. Wilkerson*
                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**