IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY SPANO, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:06-cv-00743-DRH-DGW |
| ) | |
| THE BOEING COMPANY, et. al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On April 21, 2008, the Court held an in-person discovery dispute conference in this matter. The Court heard arguments regarding deposition testimony, interrogatories, and requests for production. The Court makes the following rulings:

### DEFENDANT'S STATEMENT OF ISSUES (DOC. 160)

1.  Regarding the refusal of Plaintiffs' experts to answer deposition questions concerning other 401(k) plan cases, information on benchmarking of other 401(k) plans in litigation, and total fees and billings to Plaintiffs' counsel:

    Because the Court believes there to be no "typical" plan that compares to the plan at issue in the case, the Court finds that Plaintiffs' experts are not required to disclose information on other plans or plan litigation used to formulate their expert opinions. Defendants' requests for supplements to expert deposition testimony and additional deposition time are **DENIED**. The Court notes that Defendants are not precluded from challenging before the District Court the qualifications of any expert.

2.  Regarding the failure of Plaintiffs' expert Pomeranz to provide documentation and explanation for his calculations regarding the performance of the INVESCO/Dreyfus Science & Technology Fund:

    Plaintiffs are **ORDERED** to supplement with necessary documentation. Plaintiffs are further **ORDERED** to produce expert Pomeranz for two additional hours of telephone deposition on the issue.

3.  Regarding Plaintiffs' failure to respond to written discovery:

    Plaintiffs are **ORDERED** to supplement their responses to interrogatories 18 - 50. The Court makes the following rulings regarding specific requests for admissions:

Number 5: Plaintiffs are **NOT ORDERED** to answer.

Number 14: Plaintiffs are **ORDERED** to answer.

Number 15: Plaintiffs are **ORDERED** to answer.

Number 16: Plaintiffs are **ORDERED** to answer.

Number 17: Request for admission 17 is **AMENDED** to read, "During the relevant time period, Plan participants could select their investment options from a menu of investment options." Plaintiffs are **ORDERED** to answer amended request.

Number 21: Request is too broad; Plaintiffs are **NOT ORDERED** to answer.

Number 45: Plaintiffs are **NOT ORDERED** to supplement answer. The Court finds the current answer is satisfactory.

4. Regarding Plaintiffs' refusal to answer deposition questions concerning their investments outside the Boeing Plan:

    The Court finds that this information is not relevant; it is not reasonably calculated to lead to the discovery of admissible evidence. The Court rejects Defendants' arguments that the information is relevant to the determination of the typicality of the class. Defendants' requests for production of documents and answers to interrogatories regarding Plaintiffs' investments outside the Boeing plan are **DENIED**.

## PLAINTIFF'S STATEMENT OF ISSUES (DOC. 159)

1. Plaintiffs' first category of arguments regarding Second Requests for Admissions 6, 7, 12-14, 18-20, 25-28, 33-36, 55, 65-67, 76-88, 91, 98, 101, 102-117, 137-139, 142-144, 146-149, 151-154, 155-159, 165-168; and Third Requests for Admissions 1-97, 145-192, 203-240. Plaintiffs object to Defendants' objections to these requests for admissions as "misleading because they erroneously suggest there was a duty to [take or refrain from actions that is the subject matter of the request]."

    Plaintiffs' objections are **OVERRULED**. Defendants have answered these requests for admissions.

2. Plaintiffs' second category of arguments regarding Defendants' responses to Third Requests for Admissions 1-73, 109-120, 121-132, and 144. Plaintiffs object to Defendants' statements at the end of the responses to these requests for admissions that "[t]he Boeing fiduciaries, independently [and based upon reports from various

consultants] thoroughly evaluated the appropriateness of the Plan's investment options."

Plaintiffs' objections are **OVERRULED** because the Defendants have answered the requests for admissions by denying them. The Court understands that a denial is a denial, regardless of the additional self-serving language used by the Defendants in their answer to the requests. Because the Defendants have answered the requests for admissions, the Court will not order the superfluous language stricken.

3. Plaintiffs' third category of arguments regarding issues about which Defendants said they would "take a look" and get back to Plaintiffs. Specifically, First Requests for Admissions 7, 9, 10, 11, 16, 17, 36-47; Second Requests for Admissions 6-8, 9-20, 37-41, 53-58, 64-67, 70-88, 94, 95, 118.

    The Court **ORDERS** Defendants to supplement their responses as necessary.

4. Plaintiffs' fourth category of arguments regarding Defendants' Third Requests for Admissions 121-132 and 198-238. Plaintiffs object that Defendants' responses do not fairly respond to the subject matter of the Request for Admission.

    The Court rules that the denials, even with qualifying language, are denials. Therefore the Court will not strike the additional language following the denials of these requests for admissions. Plaintiffs' objections are therefore **OVERRULED**.

5. Plaintiffs' fifth category of arguments regarding requests for an explanation of the denials in the Second Request for Admissions 3 - 8.

    The Plaintiffs' request for explanations of the denials is **DENIED**.

6. Plaintiffs have an outstanding 30(b)(6) notice for deposition of an individual who can comment on Defendants' document retention policy (Doc. 159, p. 8, ¶ 9). Defendants argued that they have produced copies of the document retention policies, and there is no one to depose and no information to be gathered not already contained in the written policy.

    Plaintiffs' request for that deposition is **DENIED**. Plaintiffs already have all the information available regarding document retention.

7. Plaintiffs contend that Defendants' experts relied in their expert report on documents which have never been produced to Plaintiffs (Doc. 159, p. 8, ¶ 11). Defendants argued that the expert did not rely on any privileged document or any other document.

    Based upon Defendants' assertion that they would be producing a letter to Plaintiffs regarding this issue, the Court finds that this dispute is not yet ripe for ruling. Plaintiffs' objections are therefore **DENIED**.

8. Plaintiffs object to the production of illegible documents (Doc. 159, p. 8, ¶ 12).

   The Court **ORDERS** Defendants to supplement illegible documents.

9. Plaintiffs argue that they have been unable to conduct 30(b)(6) depositions of CitiStreet, State Street, and James Mayer.

   Because both parties expressed the same interest in conserving time and resources and avoiding multiple trips to Boston for depositions, Counsel for Defendants Christopher Rillo is **ORDERED** to give available dates to Plaintiffs to arrange for the taking of these depositions.

10. Plaintiffs challenge the Defendants' redactions for relevance of documents Boeing.0079107 through Boeing.0079129.

    The Court **ORDERS** that any documents of these numbers not produced to Plaintiffs by April 30, 2008, shall be furnished to the Court for *in camera* review.

## CONCLUSION

The foregoing paragraphs indicate the rulings of the Court at the discovery dispute hearing held on April 21, 2008.

**IT IS SO ORDERED.**

**DATED: April 28, 2008**

> *s/Donald G. Wilkerson*
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**