IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY SPANO, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:06-cv-00743 DRH |
| ) | |
| THE BOEING COMPANY, et. al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action comes before the Court for *in camera* review of disputed discovery documents.

### BACKGROUND

On April 16, 2008, this Court denied Plaintiffs' Motion to Compel the production of unredacted documents produced by Defendants during the course of discovery in this action (Doc. 156). In its order denying Plaintiff's Motion to Compel, the Court ordered that "[i]f Plaintiffs have a reason to believe that other redactions not brought to the Court's attention in this motion to compel were not based upon relevance regarding the VIP plans, they may move the court, on a document by document basis, for *in camera* review." (Doc. 156). On April 21, 2008, the Court held a discovery dispute conference in the matter, during which the Plaintiffs challenged the redactions for relevance of documents Boeing.0079107 through Boeing.0079129. The Court ordered that any of those documents not produced in unredacted form to Plaintiffs by April 30, 2008, should be provided to the Court for *in camera* review (Doc. 166). Defendants have produced those documents in redacted and unredacted form.

### FINDINGS

The Court has now reviewed the documents and finds that all redactions in documents Boeing.0079107 through Boeing.0079129 were made properly for relevance. The 401(k) plan at

issue in the case is not the subject of the redacted documents.  Further, these documents are not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs specify that they believe the documents contain information relevant to the "relative complexity" of Boeing plans.  The documents do not contain information relevant to that issue.  Plaintiffs also state their belief that redacted portions that follow Boeing.0079109 contain information regarding satisfaction with other potential plan administrators, namely, Hewitt and Fidelity.  The redacted documents do not contain such information regarding satisfaction or dissatisfaction with either of these, or any other, potential administrators.  Plaintiffs further specify their belief that redacted portions following Boeing.0079125 contain information regarding why Boeing considered costs to be categorized as "yellow" instead of "green."  The redacted portions of the documents are not relevant to that question.

## CONCLUSION

Thus, the Court finds that the redacted portions of documents Boeing.0079107 through Boeing.0079129 are not relevant to the issues in this case.  Therefore, the Court will not order Defendants to produce the documents to Plaintiffs in unredacted form.

**IT IS SO ORDERED.**

**DATED: May 9, 2008**

                  *s/ Donald G. Wilkerson*
                  **DONALD G. WILKERSON**
                  **United States Magistrate Judge**