IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY SPANO, et. al., )
)
    Plaintiffs, )
)
v. ) Case No. 3:06-cv-00743 DRH
)
THE BOEING COMPANY, et. al., )
)
    Defendants. )

## ORDER

This action comes before the Court upon *sua sponte* review of the file. It has come to the Court's attention that the parties have filed a number of documents under seal in the electronic case filing system of the Court without seeking leave to file these documents under seal as required under Seventh Circuit jurisprudence.

### BACKGROUND

On October 10, 2007, Plaintiffs filed a Motion for Leave to File Under Seal Exhibits E and F to Plaintiffs' Motion for Leave to Amend (Doc. 83). On December 5, 2007, the Court granted this motion, and directed the Plaintiffs to electronically file those two sealed documents, which the Plaintiffs did the same day (Docs. 103 and 104). Plaintiffs filed under seal the following documents and exhibits without leave of court: Memorandum in Support of the Motion to Compel (Doc. 86); Reply in Response to Motion to Compel (Doc. 92); Reply to Response to Motion for Leave to File Amended Complaint (Doc. 93); Reply to Response to Motion for Extension of Time for Plaintiffs' Expert Designations (Doc. 95); Memorandum in Support of Motion to Extend Expert Deadline (Doc. 96); Response to Defendants' Notice of Supplemental Authority Regarding Motion to Compel (Doc. 135); Memorandum in Support of Motion for Leave to File Second Amended Complaint (Doc. 151); Reply to Response to Motion to Certify Class (Doc. 165); and Reply to Response to Motion

for Leave to File Second Amended Complaint (Doc. 171).  In addition, Defendants also filed a document under seal without permission of the Court:  Response to Motion to Certify Class (Doc. 155).

**DISCUSSION**

Southern District of Illinois Local Rule for Electronic Filing 6 governs the filing of sealed documents.  The Rule states,

> Information and documents which a party seeks to protect and/or seal, or which the court has ordered sealed, or which by law must be sealed, shall be electronically filed by attorneys and pro se users.  The sealed PDF document must be attached to the event. ***Filing users must bear ultimate responsibility for ensuring that information is properly redacted and/or sealed.***

Electronic Filing Rule 6 (emphasis added).

Federal Rule of Civil Procedure 26(c) requires a showing "of good cause to seal any part of the record of a case." <u>Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943, 944 (7th Cir. 1999).  In <u>Citizens</u>, the Seventh Circuit recognized that "[m]ost cases endorse a presumption of public access to discovery materials, and therefore require the district court to make a determination of good cause before he may enter the order." <u>Id.</u> at 946. The Circuit also emphasized that it is improper for a court to delegate its authority to the parties in an action to seal whatever portions of the record they want to seal because "parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." <u>Id.</u> at 944.  The Court stated,

> The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal.  The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record.

Id. at 945.

## APPLICATION

Aside from Plaintiffs' October 10, 2007, motion to seal two exhibits, which the Court granted, the parties in this action have not received permission from the court to seal any documents in the record. The Seventh Circuit law on the question is clear: the parties cannot seal any documents without permission of the Court, and the Court cannot delegate its authority to seal portions of the record to the parties. Therefore, any agreement between the parties to this action regarding confidentiality of documents cannot bind the Court. It was therefore improper for the parties to file under seal the above-listed documents without permission of the court.

## CONCLUSION

Based on the foregoing, on **July 30, 2008**, the Court will issue an order unsealing the documents improperly filed under seal in this action, unless the parties demonstrate, by a showing in accordance with Seventh Circuit jurisprudence, why the documents should remain sealed.

**IT IS SO ORDERED.**

**DATED: July 16, 2008**

                                                  s/ *Donald G. Wilkerson*
                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**