IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GARY SPANO, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-00743 DRH |
| | ) | |
| THE BOEING COMPANY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On July 16, 2008, the Court entered an order informing the parties that all documents filed under seal without the Court's approval would be unsealed on July 30, 2008, unless the parties made a showing in accordance with Seventh Circuit law that the documents should remain sealed (Doc. 178). On July 17, 2008, Defendants responded stating that they do not object to the unsealing of the documents (Doc. 179). On July 29, 2008, Plaintiffs responded by objecting to the unsealing of the documents. For the reasons set forth below, the Court **OVERRULES** Plaintiffs' objections and **DIRECTS** the Clerk to unseal all documents filed under seal without prior approval of the Court.

### ARGUMENTS

Plaintiffs make a number of arguments in support of the sealing of the documents. First, they contend that the documents were filed under seal in an attempt to conform to the confidentiality agreement among the parties to the litigation. Second, they argue that the local rules governing electronic filing of documents are ambiguous and led them to believe that they could file documents under seal. Third, Plaintiffs contend that they further relied upon the assurance of an unnamed Court employee that they were able to file documents under seal. Fourth, they argue that had the documents not been filed under seal, Defendants certainly would have sought sanctions against Plaintiffs for failure to comply with the confidentiality agreement. Finally, Plaintiffs argue that the

documents were filed under seal in good faith based upon their interpretation of the rules and in a legitimate attempt to conform to the confidentiality agreement.

Plaintiffs ask that the documents remain filed under seal. Plaintiffs also ask that the Court order no documents to be filed under seal from this point forward in the litigation and that the Court deem the confidentiality agreement null and void.

## DISCUSSION

As articulated in the Court's July 16 order, Seventh Circuit jurisprudence disfavors sealing of documents in the public record, and disallows the parties to an action to make their own determinations as to which documents in the record are to be sealed. See generally Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). The Court accepts that Plaintiffs here were filing documents under seal in good faith and with the belief that they were doing so in accordance with the local rules. The fact remains, however, that the sealing of these documents runs afoul of the Seventh Circuit's view that good cause is necessary for sealing of portions of the record, and that the court is responsible for making the good cause determination. Id.

Based on the arguments presented by Plaintiffs, the Court does not find good cause for sealing the documents in this case. The Court is well aware that the stakes are high in this litigation. This alone, however, is not sufficient reason for sealing documents where well-settled law clearly disfavors doing so. It was prudent of the parties to enter into an agreement among themselves regarding confidentiality of produced documents, yet this agreement cannot bind the Court. Id. at 944. Thus, the Court must also deny Plaintiffs' request that the Court find the confidentiality agreement now in place null and void.

Finally, the Court notes that it will entertain future motions to file documents under seal so long as the parties show good cause for so doing under the dictates of Seventh Circuit law.

## CONCLUSION

Plaintiff's objections to the Court's July 16 order are therefore **OVERRULED**.  Thus, the Court **DIRECTS** the Clerk fo unseal the following documents:  Memorandum in Support of the Motion to Compel (Doc. 86); Reply in Response to Motion to Compel (Doc. 92); Reply to Response to Motion for Leave to File Amended Complaint (Doc. 93); Reply to Response to Motion for Extension of Time for Plaintiffs' Expert Designations (Doc. 95); Memorandum in Support of Motion to Extend Expert Deadline (Doc. 96); Response to Defendants' Notice of Supplemental Authority Regarding Motion to Compel (Doc. 135); Memorandum in Support of Motion for Leave to File Second Amended Complaint (Doc. 151); Response to Motion to Certify Class (Doc. 155);  Reply to Response to Motion to Certify Class (Doc. 165); and Reply to Response to Motion for Leave to File Second Amended Complaint (Doc. 171).  The only documents now properly filed under seal are Exhibits E and F to Plaintiffs' Motion for Leave to Amend (Doc. 83).

**IT IS SO ORDERED.**

**DATED: July 30, 2008**

                                         s/ *Donald G. Wilkerson*
                                         **DONALD G. WILKERSON**
                                         **United States Magistrate Judge**