IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY SPANO, et. al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE BOEING COMPANY, et. al., )<br>)<br>Defendants. ) | Case No. 3:06-cv-00743 DRH |

**ORDER**

Now pending before the Court are Plaintiffs' Motions for Leave to File under Seal Exhibits to the Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss and For Summary Judgment (Doc. 200), Motion for Leave to File Under Seal Plaintiffs' Partial Appendix and Exhibits to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment (Doc. 222), and Plaintiffs' Motion for Leave to File Under Seal Exhibits 4-6 to Plaintiffs' Brief in Opposition to International Paper's Motion to Intervene and to Challenge Confidentiality Designation (Doc. 239). For the reasons set forth below, these motions are **DENIED**.

On July 30, 2008, the Court entered an order in this action unsealing all previously-sealed documents and directing the parties to seek leave of court before filing any other documents under seal (Doc. 184). Regarding future motions to file documents under seal, the Court directed the parties to make a showing of good cause to seal the documents. Under the Seventh Circuit's jurisprudence, the Court, acting as the "representative of the public interest in the judicial process," is to make a finding of good cause to seal any documents in the public record. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). The good cause determination cannot be delegated to the parties. *Id.*

In each of the three pending motions, Plaintiffs ask the Court to seal exhibits to various

motions or responses to motions filed in the case. Plaintiffs do not make an argument, or even address, whether good cause exists for sealing the documents. They merely state that the documents have been designated "Confidential" under the terms of a confidentiality agreement among the parties.

The Seventh Circuit clearly directs that the Court is to make the determination of good cause for sealing portions of the record. Plaintiffs use the confidentiality agreement–created by the parties themselves–as a rationale for sealing the record. An argument that the confidentiality agreement controls what should be sealed in the record is an indirect request that the Court delegate the authority to determine good cause to the parties. That request is denied. The confidentiality agreement does not bind the Court. In short, that the documents are confidential pursuant to the confidentiality agreement does not constitute good cause for sealing those documents. Plaintiffs offer no other rationale for sealing the documents. Thus, they have not made the required showing of good cause. Accordingly, the Motions to Seal (Docs. 200, 222, and 239) are **DENIED**.

The Court notes that exhibits to the Plaintiffs' Memorandum in Opposition to the Motion for Summary Judgment are currently sealed in the Court's electronic case filing system (Doc. 224). The Court **GRANTS** Plaintiffs five business days to withdraw the exhibits. If the exhibits are not withdrawn, on **May 12, 2009**, the Court will issue an order unsealing them.

**IT IS SO ORDERED.**

**DATED: May 5, 2009**

                                                   s/ *Donald G. Wilkerson*
                                                   **DONALD G. WILKERSON**
                                                   **United States Magistrate Judge**