IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY SPANO, et al.,

Plaintiffs,

v.

THE BOEING COMPANY, et al.,

Defendants.                                                  No. 06-0743-DRH

## ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court for case management. Last week, the Seventh Circuit Court of Appeals granted Defendants' motion for leave to appeal this Court's Order granting class certification in this case (Doc. 279). The Court recognizes that the Seventh Circuit may disagree with this Court's decision to grant class certification. Moreover, the Seventh Circuit's decision regarding class certification will have a significant effect on the ultimate disposition of this case. Thus, the Court finds that it would be imprudent at this stage of the litigation to proceed further in this matter until the resolution of the class certification appeal.[1]

---

[1] The power to grant a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." **Walker v. Merck & Co.,** No. 05-CV-360-DRH, 2005 WL 1565839, at *2 (S.D.Ill. June 22, 2005) (quoting *Landis v. North Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). The decision to grant a stay is committed to a court's discretion, *see Brooks v. Merck & Co.,* 443 F.Supp.2d 994, 997 (S.D. Ill. 2006); *Rutherford v. Merck & Co.,* 428 F.Supp.2d 842, 845 (S.D. Ill. 2006), though that discretion must be exercised consistently with principles of fairness and judicial economy. *See Walker,* 2005 WL 1565839, at *2.

Accordingly, the Court *sua sponte* **STAYS** this matter pending resolution of the class certification appeal.

**IT IS SO ORDERED.**

Signed this 17th day of August, 2009.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**