IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY SPANO, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.  3:06-cv-743 DRH |
| ) | |
| THE BOEING COMPANY, et. al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Currently pending before the Court is a Motion to Intervene and to Challenge Confidentiality Designation (Doc. 231) filed by International Paper Company on March 27, 2009, and a Motion to Intervene and Respond to International Paper's Motion to Intervene and to Challenge Confidentiality Designations (Doc. 243) filed by Albert J. Otto on April 21, 2009. For the reasons set forth below, International Paper's motion is **DENIED** and Albert J. Otto's motion is **DENIED as moot**.

**PROCEDURAL HISTORY**

The Court held a hearing on these motions on May 22, 2009 (Doc. 265).  At that hearing, the Court granted the parties leave to file supplemental briefs addressing whether the Court has jurisdiction over the challenge to the confidential designation of Albert J. Otto's deposition testimony and whether International Paper has standing to intervene in the action.[1]  International Paper filed its brief on May 29, 2009 (Doc. 266), and Plaintiffs responded in opposition on June 5, 2009 (Doc. 267).  International Paper filed a reply (Doc. 269).  On August 17, 2009, Chief District Judge David R. Herndon issued an order staying the case pending Defendant's interlocutory appeal (Doc. 286).  Judge Herndon lifted the stay on December 29, 2009 (Doc. 292).

---

[1] The Court analyzes only International Paper's request to intervene.  If this request is denied, Albert J. Otto's motion to intervene admittedly becomes moot.

**LEGAL STANDARDS**

Article III of the Constitution restricts federal courts from adjudicating matters that do not present actual cases or controversies. *See Allen v. Wright*, 468 U.S. 737, 750 (1984). Central to the case or controversy requirement is the doctrine of standing which requires that a plaintiff show the following. First, a plaintiff must demonstrate a concrete and particularized "injury-in-fact" that is actual or imminent, not merely conjectural or hypothetical. Second, a plaintiff must show a causal connection between the injury and the complained-of conduct. Third, a plaintiff must show a likelihood that the injury will be redressed by a decision in his or her favor. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). An "injury-in-fact" is an "invasion of a legally protected interest." *Id.* at 560.

During the stay in this action, the Seventh Circuit issued its opinion in *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009). In *Bond* the Court held that the public "has no constitutional, statutory (rule-based), or common-law right of access to *unfiled* discovery" upon which standing could be based. *Bond*, 585 F.3d at 1073 (emphasis in original). At common law, "discovered, but not yet admitted, information" was not "a traditionally public source of information" to which interested non-parties were entitled. *Id.* at 1074 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). The public's right of access to discovery material--including depositions--manifests "when the material produced during discovery is filed with the court." *Bond*, 585 F.3d at 1074-75. Federal Rule of Civil Procedure 5(d), as amended in 2000, specifies that depositions, among other types of discovery, "must not be filed until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(1). Based on the 2000 amendments, the court concluded, "nothing in Rule 26(c)-- either standing alone or when read in conjunction with the current version of Rule 5(d)--confers

substantive rights upon third parties seeking access to the fruits of discovery." *Bond*, 585 F.3d at 1076. The court also determined that the First Amendment provided no right of access to unfiled discovery. The court distinguished a line of prior cases emphasizing a "presumption" of public access to mean access to "materials contained in court files." *Id.* The court concluded that the parties seeking to intervene in *Bond* had no legally protected interest based upon a public right of access to unfiled discovery materials, and therefore no Article III standing to intervene in the action. *Id.* at 1078.

The Court also discussed the interplay between Fed. R. Civ. P. 24(b) and Article III standing, but did not resolve the conflicting cases in the circuit regarding whether Article III standing is required for permissive intervention pursuant to Rule 24(b). The Court reiterated its prior opinion that the issue remains an "open question," but stated "[r]egarding intervention in general, we have recognized that 'at some fundamental level the proposed intervenor must have a stake in the litigation' in order to satisfy Article III." *Bond*, 585 F.3d at 1070 (quoting *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 946 (7th Cir. 2000)).

## ANALYSIS

Based on the holding in *Bond*, this Court finds that International Paper has no standing to intervene in the action because it has not alleged an injury to a legally protected interest sufficient to confer standing under Article III.

The undersigned recognizes that the Seventh Circuit emphasized the significance of the fact that the parties seeking to intervene in *Bond* did so at the end of the case, after the parties had settled and the Court was preparing to enter judgment. The Court distinguished between a case that was essentially over and a "live controversy," stating "we do not decide whether a permissive intervenor

needs independent standing to intervene in a live controversy for the purpose of challenging a protective order."

The undersigned does not believe that the Seventh Circuit's limitation on its holding dictates a contrary outcome in this case, however. International Paper's entire argument in support of intervention is premised upon the supposed public right of access to unfiled discovery. The Seventh Circuit's determination on this question is unequivocal: there is no public right of access to unfiled discovery. Aside from the public right of access, International Paper has not alleged an injury by either Plaintiffs or Defendants that would meet the injury-in-fact requirement.

Even if International Paper were allowed to intervene, the Court itself has limited power over confidentiality designations resulting from private negotiations between parties to a lawsuit until such designations are raised as an issue by the parties or otherwise appear in the court record. The confidentiality agreement between the parties here was negotiated without the Court's involvement.

The Court acknowledges that in a similar case, *Abbott v. Lockheed Martin*, Case No. 3:06-cv-701-MJR (S.D. Ill. order filed March 31, 2009), it ordered the Plaintiffs in this action to produce Mr. Otto's deposition testimony to Defendant Lockheed Martin, an outcome which appears at odds with today's decision. The Court finds, however, that the Seventh Circuit's clear holding in *Bond* that there does not exist a public right of access to unfiled discovery dictates the Court's determination on the pending motions.

## CONCLUSION

Based on the foregoing, the Motion to Intervene and to Challenge Confidentiality Designation (Doc. 231) filed by International Paper Company is **DENIED** and the Motion to Intervene and Respond to International Paper's Motion to Intervene and to Challenge Confidentiality

Designations (Doc. 243) filed by Albert J. Otto is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: January 5, 2010**

s/*Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
