UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY SPANO, *et al.*, | ) |
| | ) |
| Plaintiffs, | )   Case No: 06-743-DRH |
| | ) |
| v. | ) |
| | ) |
| THE BOEING COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' ALTERNATIVE MOTION TO PURSUE DIRECT ACTION FOR BREACH OF FIDUCIARY DUTIES PURSUANT TO ERISA SECTION 502(A)(2) AND MEMORANDUM IN SUPPORT**

As an alternative to class certification in this case, in the event the Court finds that any of the claims herein are not appropriate for class certification, Plaintiffs move in support of their right to pursue this action for the damages caused to their Plans from Defendants' breaches of their ERISA fiduciary duties. That right of direct action is stated expressly in §§502(a)(2) and (a)(3) of ERISA and also follows from the legislative history of ERISA, Supreme Court precedent, circuit and district court decisions under ERISA and similar law.[1]

**I.   STATUTORY AUTHORITY FOR DIRECT ACTIONS BY PARTICIPANTS FOR BREACH OF FIDUCIARY DUTIES**

The right of any single participant to pursue an action to recover for the participant's plan all damages caused the plan by a fiduciary's breach of its duties is stated expressly in ERISA.

> A civil action may be brought-- **(2)** by the Secretary, or **by a participant**, beneficiary or fiduciary for appropriate relief under section 1109 of this title; **(3)**

---

[1] Plaintiffs have specifically invoked their right to pursue a direct action. Doc. 186, ¶22 ("Plaintiffs bring this action pursuant to ERISA §§ 502(a)(2) & (3), 29 U.S.C. § 1132(a)(2) & (3), which provides that participants may pursue civil actions on behalf of the Plan to remedy breaches of fiduciary duty…") and ¶154 ("Pursuant to ERISA § 409, 29 U.S.C. § 1109, and ERISA § 502(a)(2), Defendants are liable to restore *to the Plan* the losses *it* experienced as a direct result of Defendants' breaches of fiduciary duty…"). To the extent the Court believes greater specificity regarding the direct action is required, Plaintiffs request leave to amend their complaint.

1

> by a **participant**, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. §1132(a) (emphasis added) (ERISA §§ 502(a)(2) and (a)(3)). In other words, any participant may bring an action for appropriate legal or equitable relief for breach of fiduciary duties under §1109 (ERISA §409). Section 1109(a) provides that such relief relates exclusively to the damages suffered by the plan, not any individual participant. It states in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable **to make good to such plan any losses to the plan** resulting from each such breach, and to **restore to such plan any profits** of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. §1109(a) (emphasis added). Combining both sections, then, it is clear any participant may bring an action to recover from a fiduciary for the plan all losses caused by the fiduciary's breach of duties and all profits gained by the fiduciary from such breach, and appropriate equitable relief for the plan to remedy the breach.

The Supreme Court has confirmed that the fiduciary duties under ERISA are owed to the plan, that the plan is the only entity entitled to recover damages from breach of those fiduciary duties, and that a participant can pursue an action to recover those damages for the plan. "There can be no disagreement . . . that § 502(a)(2) authorizes a beneficiary to bring an action against a fiduciary who has violated § 409. . . . [R]ecovery for a violation of § 409 inures to the benefit of the plan as a whole." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985). Section 1109 provides "relief singularly to the plan"; the Congressional objective was to provide "remedies that would protect the **entire plan**, rather than with the rights of an individual beneficiary." *Id.* at 142 (emphasis added); quoted and affirmed in *Larue v. DeWolff, Boberg & Assoc. Inc.*, 128 S.Ct.

1020, 1024 (2008). Section 502(a)(2) is focused on the "common interest" of the Secretary of Labor, participants and beneficiaries, and other plan fiduciaries "in the financial integrity of the plan." *Russell*, 473 U.S. at 142 n.9.[2] An action for breach of fiduciary duty thus is "brought in a representative capacity on behalf of the plan as a whole." *Id*. It is not "a remedy for individual beneficiaries." *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). The plan, not the plaintiff, is "the victim of any fiduciary breach and the recipient of any relief." *Larue*, 128 S.Ct. at 1024. "On their face, §§ 409(a) and 502(a)(2) permit recovery of *all* plan losses caused by a fiduciary breach." *Id.* at 1029 (emphasis original) (Thomas and Scalia, J.J., concurring in the judgment). Although the Court in *Larue* allowed actions for breach of fiduciary duties that damaged only one participant's account within a plan, the Court did not state that a participant can sue *only* for the damages that the participant's account suffered from a fiduciary's breach of duties. *Larue*, 128 S.Ct. at 1026.

From the terms of the statutes and the Supreme Court's interpretations, it is clear any participant can bring an action to recover all damages the plan suffered from a fiduciary's breach of duties. A participant is not required to pursue that action as a class action under Fed.R.Civ.P. 23 or as a derivative action under Fed.R.Civ.P. 23.1, although, as indicated in Plaintiffs' concurrently filed amended motion for class certification, there are procedural benefits to the use of class actions under Rule 23. This follows from the fact that ERISA is a "comprehensive and reticulated statute", contains no such procedural requirements, and a court should be "reluctant to tamper with an enforcement scheme crafted with such evident care as the one in ERISA."

---

[2] There is not limitation in the statute on the scope of relief the Secretary of Labor can obtain on behalf of the plan. Since the Secretary of Labor and participants have a "common interest" in a suit for fiduciary breaches, it follows that participants also are not limited in the scope of relief they can seek in behalf of the plan. To say otherwise would be to read out of the very same enabling sentence which gives the Secretary the right to pursue claims on behalf of the plan the grant to the plan participants of the exact same right.

*Russell*, 473 U.S. at 146-47. This is a principle of ERISA law the Supreme Court has repeatedly affirmed. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 254 (1993); *Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 247 (2000); *Great-West Life & Ann. Ins. Co. v. Knudson,* 534 U.S. 204, 209 (2003); *Northcutt v. Gen. Motors Hourly-Rate Empe. Pension Plan*, 467 F.3d 1031, 1036 (7th Cir. 2006).

Circuit Court decisions have recognized the right of individual participants to bring actions to recover for their plan the damages caused by a fiduciary's breach of duty. *Coan v. Kaufman*, 457 F.3d 250, 259-60 (2d Cir. 2006); *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1462-63 (9th Cir. 1995). These courts have recognized that ERISA does not require that such action be brought as a class action under Rule 23 or a derivative action under Rule 23.1. *Coan*, 457 F.3d at 258-60; *Kayes*, 51 F.3d at 1462-63.

> ERISA is a 'comprehensive and reticulated statute, the product of a decade of congressional study.' *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209, 122 S.Ct. 708, 151 L.Ed.2d 635 (2003). For this reason, courts should be very reluctant to tinker with its plain language. *Id.* As noted, section 502(a)(2) expressly grants the right to bring fiduciary duty claims to 'participants,' and does not appear to require them to sue derivatively or to use any other special procedural devices to represent absent parties. 29 U.S.C. § 1132(a)(2); *see Thornton,* 692 F.2d 1080 n. 35 (noting that section 502(a) authorizes suits by individuals against plan fiduciaries). Likewise, neither Federal Rule of Civil Procedure 23, which applies to class actions, nor Rule 23.1, which applies to derivative suits, requires all suits against ERISA fiduciaries to be brought using special procedures.

*Waldron v. Dugan*, No. 1:07-cv-00286, Doc. 95 at 10-11, 2007 WL 4365358 at *6.[3]

---

[3] A similar decision based on similar reasoning was made by the Louisiana district court in *Thompson v. Avondale Indus. Inc.*, 2001 WL 1543497 at *1-*2 (E.D.La. Nov. 30, 2001) (McNamara, J.); *see also AEP ERISA Litig.*, 2009 WL 3854943 at *3 ("case law is clear about the fact that ERISA does not require that plaintiffs meet the requirements of Rule 23 in order to serve in a representative capacity for purposes of a section 502(a)(2) claim."). Plaintiffs are mindful of this Court's strong preference against citation to other district court decisions. Plaintiffs cite these cases because they directly address the unique legal question of whether 401(k) plan participants may proceed with an action for plan-wide losses under ERISA §502(a)(2) in the absence of class certification, and because those courts' reasoning and statutory analysis in reaching the conclusion that ERISA expressly authorizes such

This also is the position of the U.S. Department of Labor (DOL), as stated in its amicus brief filed in *Coan*. DOL confirmed that ERISA contains no requirement that a participant suing under §502(a)(2) bring a class action or satisfy any other procedural burdens.

> <u>ERISA does not require that a plaintiff bringing a breach of fiduciary duty action under section 502(a)(2) pursue a shareholders' derivative action under Rule 23.1 of the Federal Rules of Civil Procedure, pursue a class action under Rule 23 or join other participants under Rule 19</u>. Given ERISA's 'carefully crafted and detailed enforcement scheme,' there is no reason to believe that Congress inadvertently omitted additional requirements to bring a claim under section 502(a)(2).

Brief For The Secretary Of Labor As Amicus Curiae at 8, filed in *Coan v. Kaufman*, No. 04-5173 (2d Cir. Mar. 25, 2005) (filed herewith as Exh. 1)(*emphasis added*).[4] "There is no suggestion in ERISA itself that fiduciary claims under section 409(a) and 502(a) need to meet the requirements of Rules 23.1, 23 or 19, all of which were in place at the time of the passage of ERISA." *Id.* at 14. As DOL noted, Congress expressly considered, but rejected, requiring that all fiduciary breach claims be brought as class actions. *Id.* at 14-15; *see also Coan*, 457 F.3d at 259-60.[5]

Because Congress chose to allow direct action by participants to recover all plan damages and remedies without any additional procedural requirements, and because the Court should not impose burdens Congress did not include in ERISA, the plain language of §§502(a)(2) and (a)(3) and case law demonstrate Plaintiffs herein are entitled to pursue their actions individually to recover all of their Plan's damages and obtain appropriate equitable relief to redress Defendants'

---

an action is informative in discussing how the courts of appeals have interpreted the statute.

[4] Available at http://www.dol.gov/sol/media/briefs/Coan(A)-3-25-2005.pdf (last viewed March 1, 2011).

[5] Congress also removed other procedural burdens, such as requiring an ERISA complaint to be verified and requiring a plaintiff to obtain leave of court on good cause shown. H.R. 2 at 152:20-22 (§503(i)(2)), 93d Cong., 2d Sess. (Mar. 6, 1974), copy of excerpts filed herewith as Exhibit 2 (see p. 7); reprinted in 3 SUBCOMM. ON LABOR OF SEN. COMM. ON LABOR & PUBLIC WELFARE, 93D CONG., LEG. HIST. OF THE EMPE. RET. INCOME SEC. ACT OF 1974, P.L. 93-406, at 3898 (1976).

breach of their fiduciary duties.

## II. THE SEVENTH CIRCUIT HAS ALLOWED ANALAGOUS DIRECT SUITS TO PROCEED WITHOUT REQUIRING ONEROUS, NON-STATUTORY MEASURES.

Although the Seventh Circuit has not directly addressed a direct action by participants under ERISA §502(a)(2) and (a)(3),[6] it has rejected attempts to impose extra-statutory procedural hurdles in an area of law that is similar to ERISA - mutual fund shareholder actions for breach of fiduciary duties. *Kamen v. Kemper Fin. Svcs. Inc.*, 908 F.2d 1338, 1348 (7th Cir. 1990), *reversed on other grounds*, 500 U.S. 90 (1991). Mutual funds are governed by the Investment Company Act of 1940 (ICA), 15 U.S.C. §§80a-1 - 80a-64; 15 U.S.C. §80a-3; *Daily Income Fund Inc. v. Fox*, 464 U.S. 523, 524-25 (1984). In a manner similar to §502(a)(2) of ERISA, §36(b) of the ICA allows any shareholder in a mutual fund to sue for a mutual fund adviser's breach of fiduciary duties to the fund and recover <u>for the fund</u> the excessive fees paid out of the fund to the adviser as a result of that breach. 15 U.S.C. 80a-35(b). Section 36(b) states, in relevant part:

> An action may be brought under this subsection by . . . a security holder of such registered investment company on behalf of such company, against such investment adviser, . . . for breach of fiduciary duty in respect of such compensation or payments paid by such registered investment company or by the security holders thereof to such investment adviser or person.

15 U.S.C. 80a-35(b). This is similar to ERISA §502(a)(2):

> A civil action may be brought . . . by the Secretary, or by a participant,

---

[6] *Thornton v. Evans*, 692 F.2d 1064 (7th Cir. 1982), is not such a case because it concerned an action against non-fiduciaries for conspiracy to breach fiduciary duties, in which the plaintiffs chose to proceed as a derivative action. *Id*. at 1073-74, 1079; *Waldron*, Doc. 95 at 9 ("*Thornton* did not hold, or even state, that an action . . . by a plan participant against a plan *fiduciary* under section 502(a)(2), must be pleaded derivatively or as a class action"). *Thornton*'s recognition of an ERISA claim against non-fiduciaries was abrogated by the Supreme Court. *Mertens v. Hewitt Assoc.*, 508 U.S. 248 (1993). In addition, the Supreme Court has clarified that Rule 23.1 applies only to corporate and association actions, not fiduciary breach actions under the Investment Company Act of 1940, to which ERISA §502(a)(2) and §409 are similar. *Daily Income Fund Inc. v. Fox*, 464 U.S. 523 (1984); see note 8. *Thornton* also preceded *Russell* and subsequent decisions cited above, in which the Court has made clear the impropriety of implying "inadvertently omitted" provisions into ERISA, just as *Thornton* did. *Russell*, 473 U.S. at 146-47.

beneficiary or fiduciary for appropriate relief under section 1109 of this title.

29 U.S.C. §1132(a)(2).[7]

The Seventh Circuit held that both the demand requirement *and* the adequate representation requirement of Rule 23.1 do *not* apply to §36(b) actions.[8] *Kamen*, 908 F.2d at 1348.[9] The Court further held there was no due process requirement that the plaintiff adequately represent other mutual fund shareholders. *Id.* Unlike class actions – requires that the court ensure missing parties are adequately represented by the named plaintiffs[10] - an action by a plaintiff under §36(b) is an individual action. *Id.* The plaintiff "represents no one other than herself . . . the right at stake is personal; she does not need the approval of the court or other investors to pursue it." *Id.*[11]

> Doubtless other investors are interested in the result, yet many suits affect the status of others as a practical matter without triggering a constitutional requirement of "adequate representation".

*Id.*

The Seventh Circuit in *Kamen*, in a different but analogous context, thus rejected all of the due process concerns and procedural hurdles that were applied by the Second Circuit in *Coan v. Kaufman*, 457 F.3d at 259-60. The Seventh Circuit's decision applies equally to direct actions

---

[7] For reasons that are directly applicable to ERISA §502(a)(2) actions, the Supreme Court ruled that ICA §36(b) actions are not derivative actions subject to the restrictions and requirements of Fed.R.Civ.P. 23.1. *Daily Income*, 464 U.S.at 529-42, 532 n.8 ("a suit brought under § 36(b) of the Investment Company Act is not a "derivative action" for purposes of Rule 23.1"); *see Coan*, 457 F.3d at 258-59.

[8] See Fed.R.Civ.P. 23.1(a) ("The derivative action may not be maintained if it appears the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association").

[9] The Supreme Court reversed *Kamen*'s abrogation of the futility doctrine in a shareholder derivative action under §20 of the ICA. *Kamen*, 500 U.S. at 95-107. The defendants did not petition for review of the Seventh Circuit's decision on direct actions under §36(b) of the ICA. *Id.* at 95 n.3 ("No aspect of the Court of Appeals' disposition of the petitioner's §36(b) claim is before this Court").

[10] See Fed.R.Civ.P. 23(a)(4).

[11] Although Kamen's right to sue was "personal", that personal right extended to having all past excessive fees "returned to the Fund" and reducing the current fees for the Fund. *Id.* at 1340.

under ERISA §502(a)(2). The right to sue to recover for the plan the damages caused by fiduciary breaches is equally an individual action; the participant represents no one other than herself. The participant has an individual right to sue provided by statute and does not require the approval of the court or other participants to pursue the claim. Because this is not a class action and because of the abrogation of the doctrine of virtual representation, no rights of non-party participants will be affected by the doctrine of res judicata and there are no due process concerns. While Defendants might complain of multiple or inconsistent judgments resulting from direct actions by individual participants, they have brought that risk upon themselves by objecting to any class certification in this case. Cf. Fed.R.Civ.P. 23(b)(1)(A).

Even though it recognized that ERISA allows direct actions by participants without having to comply with Rules 23 or 23.1, the Second Circuit nonetheless imposed unwarranted additional burdens on pursuing such actions. *Coan*, 457 F.3d at 259-62. These additional burdens were rejected by the Northern District of Illinois in *Waldron*. Judge Pallmeyer held that "[a] rule requiring section 502(a)(2) claims to be brought in a manner analogous to derivative shareholder lawsuits might be a wise one, but the court is unwilling to add such a requirement to ERISA's carefully elaborated design." *Waldron*, Doc. 95 at 11, 2007 WL 4365358 at *7.

> Allowing many individual participants to sue trustees for breach of fiduciary duty creates a risk that the interests of absent plan members will be inadequately protected, as well as a risk of multiple redundant lawsuits. See, e.g., *Coan,* 457 F.3d at 260; *Montgomery,* 1996 WL 189347, at * 3. But these concerns, however valid, are insufficient to overcome the fact that neither ERISA itself, nor the Federal Rules of Civil Procedure, require ERISA participants to bring section 502(a)(2) claims derivatively.

*Id.*, Doc. 95 at 10, 2007 WL 4365358 at *6. That also follows from the Supreme Court's recognition of the impropriety of assuming inadvertent omission from ERISA. "The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a

'comprehensive and reticulated statute.'" *Russell*, 473 U.S. at 146.

*Coan* based its decision on concerns over potential res judicata and collateral estoppel effects on non-party participants in a claim for plan-wide relief. *Coan*, 457 F.3d at 252, (citing *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 90-91 (2d Cir. 2005)). Those concerns, however, were based on the doctrine of virtual representation, by which non-party individuals were deemed implicitly to be represented by the parties to an action and thus bound by the action as res judicata. *Coan*, 457 F.3d at 252; *Hoblock*, 422 F.3d at 90 ("Under the so-called doctrine of virtual representation, a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative"; quotes omitted). After *Coan*, the Supreme Court repudiated the doctrine of virtual representation. *Taylor v. Sturgell*, 128 S.Ct. 2161 (2008) (unanimous court).[12] "We disapprove the doctrine of preclusion by 'virtual representation'". *Id.* at 2167.[13] Given the disintegration of the legal basis on which *Coan* was predicated, the extra-statutory burdens *Coan* imposed, even if rational at the time, are now unjustified by any valid principle and must be rejected.

In addition, *Coan* was a factually unique situation. The plans in *Coan* had already been terminated and all assets distributed to the participants. *Coan*, 457 F.3d at 253. The plaintiff sought reinstatement of the plans, payment to the plans of the damages from the fiduciaries' imprudent investment decisions, and payment to the plaintiff of additional benefits. *Id.* The Court recognized the procedural complications raised by having to reinstate the plans and locate all participants for distribution of benefits. *Id.* at 261-62. None of those unique facts and issues is

---

[12] The Seventh Circuit itself had previously rejected the doctrine of virtual representation in *Perry v. Globe Auto Recycling Inc.*, 227 F.3d 950, 953 (2000); *Taylor*, 128 S.Ct. at 2170 n.3

[13] It should be noted that, in contrast to absent participants who are not parties to the case, if an individual participant prevails and obtains a judgment, the Defendant fiduciaries who are parties to the case may be bound to that judgment in any subsequent suits by other participants, by virtue of offensive collateral estoppel. *Wolverine Mut. Ins. v. Vance ex. rel. Tinsley*, 325 F.3d 939, 943, n.3 (7th Cir. 2003).

present in this case. The Plan has not been terminated and all participants are known.[14]

If confronted with the same arguments under the similar ERISA statutes, it is likely the Seventh Circuit equally would reject the due process concerns that motivated the *Coan* court and hold, as it did in *Kamen*, that individual participants may sue to recover damages for their plans from breach of fiduciary duties without having to prove the adequacy of their representative capacity or satisfying other extra-statutory requirements. Indeed, that result is even more compelling in §502(a)(2) claims, given the nature of ERISA as a complex interlocking, interrelated, and interdependent remedial scheme, which is part of a comprehensive and reticulated statute, with which the courts should not interfere. *Russell*, 473 U.S. at 146-47.

### III. CONCLUSION.

Congress specifically authorized individual plan participants to bring an action to recover the damages their plans suffer and appropriate equitable relief from the breach of fiduciary duties committed by plan fiduciaries. Congress expressly chose not to require such a direct action to be brought as a class action or derivative action and expressly chose not to impose procedural burdens upon such a direct action. The Supreme Court has repeatedly warned against imposing restrictions on ERISA claims not found in the statute. The plain language of ERISA allows direct action by participants for breach of fiduciary duties, as has been confirmed by circuit and district courts. The additional burdens imposed by the Second Circuit in *Coan* are unwarranted, particularly in light of the Supreme Court's rejection of the doctrine of virtual representation, on which *Coan* based the need for such burdens. Plaintiffs therefore have the right to pursue any of the claims in their Second Amended Complaint to recover all damages suffered by the Plan, as well as appropriate equitable relief, without the need for class certification.

---

[14] In addition, while the Court criticized Coan for not pursuing a class action, *id.* at 261, that criticism certainly does not apply to the Plaintiffs herein.

Respectfully submitted,

SCHLICHTER, BOGARD & DENTON

By: /s/ Jerome J. Schlichter
    Jerome J. Schlichter
    Mark G. Boyko
    Jason Kelly
    Sean Soyars
    Heather Lea
    100 South Fourth Street, Suite 900
    St. Louis, MO 63102
    Tel: 314-621-6115
    Fax: 314-621-7151
    120 W. Main Street, Ste. 208
    Belleville, IL  62220
    Tel: 618-632-3329

    Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via electronic transmission on March 2, 2011 upon the following counsel of record:

Thomas E. Wack  
Jeffrey S. Russell  
Carrie McNichols  
Bryan Cave LLP  
211 North Broadway, Ste. 3600  
St. Louis, MO 63102  
(314) 259-2000  
Attorneys for Defendants  
tewack@bryancave.com  
carrie.mcnichols@bryancave.com  
jrussell@bryancave.com  

Of Counsel:  
Christopher Rillo  
Schiff Hardin LLP  
One Market Place  
San Francisco, CA  94105  

      /s/ Jerome J. Schlichter