IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY SPANO, et al.,

Plaintiffs,

v.

THE BOEING COMPANY, et al.,

Defendants.                                                    No. 06-0743-DRH

**ORDER**

**HERNDON, Chief Judge:**

This matter comes before the Court for case management. On March 4, 2011, the Court held a status conference to discuss how the case should proceed in light of the Seventh Circuit's Mandate. The Court heard oral argument as to whether additional discovery is needed and took the matter under advisement. Plaintiffs maintain that additional discovery is not needed while Defendants maintain that additional discovery is needed.

"District court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." ***Gonzalez v. Ingersoll Milling Mach. Co.*** **133 F.3d 1025, 1030 (7th Cir. 1998) (quoting *United States v. Reed,* 2 F.3d 1441 (7th Cir. 1993))**. For that reason, "[m]atters of trial management are for the district judge; we intervene

only when it is apparent that the judge has acted unreasonably." ***Research Sys., 276 F.3d at 919 (quoting N. Ind. Pub. Serv. Co. v. Carbon County Coal Co., 799 F.2d 265, 269 (7th Cir. 1986))***. The Federal Rules have also established that "a schedule may be modified only for good cause and with the judge's consent." **Fed.R.Civ.P. 16(b)(4)**. Therefore, it is within the judge's discretion to modify the schedule where there is a showing of good cause, or where he sees that modification is appropriate.

As the parties are aware, the Seventh Circuit vacated class certification and remanded the case for further consideration. The Seventh Circuit noted that a great deal of work has yet to be done, which the Court interprets to mean that the record is devoid of sufficient facts to thoroughly consider the class questions under consideration in accord with that opinion. Further, in response to the Seventh Circuit's opinion, Plaintiffs have completely revised and refined their approach to class certification and have requested class certification for multiple classes or subclasses. Clearly the circumstances have changed. The Court finds that additional discovery is appropriate and warranted to fully develop the class certification issue. Thus, the Court **ALLOWS** Defendants' request for additional discovery.

The Court **SETS** the following deadlines: The discovery cutoff is June 8, 2011; Plaintiffs' supplemental class certification brief if any, is June 23, 2011; Expert disclosures are due June 23, 2011; Plaintiffs' expert report is due June 28, 2011; Defendants' brief in opposition to class certification is due July 28, 2011;

Defendants' expert report due July 28, 2011 and Plaintiffs' reply brief is due August 29, 2011.

**IT IS SO ORDERED.**

Signed this 10th day of March, 2011.

David R. Herndon
2011.03.10
13:27:46 -06'00'

**Chief Judge**
**United States District Court**