IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY SPANO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:06-cv-743-DRH-DGW |
| | ) |
| THE BOEING COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action comes before the Court on a discovery dispute. On June 7, 2011, the undersigned held a telephonic discovery dispute conference to discuss the scope of discovery after the Seventh Circuit's remand. After hearing arguments from both sides, the Court directed the parties to file briefs on the issue.

**BACKGROUND**

Plaintiffs brought this lawsuit against Defendants for breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA") in managing Defendants' defined contribution plans (commonly known as 401(k) plans). Defendants also manage defined benefit, or pension, plans. The claims in Plaintiffs' second amended complaint are limited to Defendants' management of the defined contribution plans. In the early stages of this lawsuit, Plaintiffs sought discovery regarding the defined benefit plans. The Court found such discovery not relevant to the issues raised in the lawsuit and denied Plaintiffs' requests for discovery regarding the defined benefit plans (Doc. 156, p. 4).

Now, upon remand from the Seventh Circuit for reexamination of the typicality and adequacy-of-representation requirements for class certification, Plaintiffs again seek discovery

regarding the defined benefit plans managed by Defendants. Plaintiffs argue that information about the defined benefit plans is relevant to the issue of class certification. Specifically, Plaintiffs contend that a comparison of the management of the defined contribution and the defined benefit plans will yield information relevant to the issue of class certification. Thus, they seek a vast array of information about the defined benefit plans focusing on the Defendants' deliberation or decision-making process in selecting specific investment plans. Plaintiffs further argue that comparing or "benchmarking" the defined benefit plans against the defined contribution plans will assist the Court and the parties in determining investment "losers" who should be included in the a certified class or classes, and investment "winners" who should be excluded. Plaintiffs submit as an exhibit eleven requests for production regarding class certification (Doc. 329-1, Exh. 1).

Defendants argue in opposition that discovery into the defined benefit plans is not relevant to the issue of class certification. They further argue that the Court's previous ruling limiting discovery to the defined contribution plans should continue to be the controlling discovery standard.

## ANALYSIS

Under Fed. R. Civ. P. 26(b)(1), a court may "order discovery of any matter relevant to the subject matter involved in the action" when good cause is shown. Relevant information does not have to be admissible at trial, but it must be "reasonably calculated to lead to the discovery of admissible evidence." *Id*.

The Court has reviewed its previous orders, the Seventh Circuit's remand opinion, and the briefs of the parties. The Court continues to believe, and finds that it is reasonable to believe, that

information regarding the defined benefit plans is not relevant to the substantive issues in the case, much less is it relevant to the class certification issues raised by the Seventh Circuit. The Court has painstakingly considered Plaintiffs' arguments attempting to link discovery of the defined benefit plans to the outstanding issues related to class certification, but the Court finds that comparison of the performance of assets in the defined benefit plans will not inform the determination whether an individual was a "winner" or "loser" in the defined contribution context. Moreover, the Court is cognizant of its own past rulings barring discovery into the defined benefit plans. While the Court has vast discretion in discovery matters and thus the authority to reverse itself, the Court is not convinced that its prior order was clearly erroneous or the circumstances have changed so as to justify reversal of its ruling. Ultimately, the Court is not convinced that discovery into Defendants' defined benefit plans will shed any light on the issues as identified by the Seventh Circuit regarding typicality or adequacy of representation of the proposed class or classes. As a result, the Court cannot give credence to Plaintiffs' argument.

Based on the foregoing, the Court finds that Plaintiffs' Requests for Production 1 – 9 are not reasonably calculated to lead to the discovery of admissible evidence. Defendants are therefore not required to respond to those requests. The Court finds that requests for production 10 and 11 are moot.[1]

**IT IS SO ORDERED.**

**DATED: July 8, 2011**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**

---

[1] Regarding Request No. 10, the Defendants responded that they have already produced responsive documents and are unaware of additional responsive, non-privileged documents. Regarding Request No. 11, the Defendants responded that it is producing a series of documents received from a third-party source, ING, that are responsive to the request.