IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY SPANO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:06-cv-743-DRH-DGW |
| | ) |
| THE BOEING COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Now pending before the Court is Plaintiffs' Motion to Compel (Doc. 343). Defendants have identified Lassaad Adel Turki as an expert in opposition to Plaintiffs' Motion for Class Certification. Plaintiffs seek production of expert reports prepared by Dr. Turki in other cases similar to the case at bar.

### BACKGROUND

Plaintiffs argue that the past opinions of Dr. Turki are discoverable. They further argue that the opinions expressed by Dr. Turki in the other cases relate directly to the testimony Dr. Turki is likely to present in the instant case. Plaintiffs contend that the confidentiality agreement among the parties to this action will prevent improper disclosure of confidential information.

In response, Defendants argue that they do not have the opinions of Dr. Turki from other cases, and if Plaintiffs wish to obtain them, they should subpoena the documents from Dr. Turki pursuant to Fed. R. Civ. P. 45 (Doc. 344).

### ANALYSIS

In *Abbott v. Lockheed Mar*tin, Case No. 06-701 (S.D.Ill. March 13, 2009), this Court ordered plaintiffs to produce a transcript of the deposition testimony taken of their expert, Al Otto, in the instant

*Boeing* case.[1]  The Court was persuaded by *Brown v. Overhead Door Corporation*, 2008 WL 1924885 (N.D. Ill. Apr. 29, 2008).  The *Brown* court found relevant prior testimony of a party's expert for evaluating consistency between an expert's opinion expressed in a case and his opinions expressed in other cases.  The *Brown* court further found that the Federal Rules of Civil Procedure contemplate such inquiries.  The Court remains persuaded that its ruling in *Abbott* was correct.  Accordingly, the Court finds that discovery of past opinions of Dr. Turki are relevant and discoverable.

Finding that Plaintiffs are entitled to the opinions is only the first step of the inquiry.  The Court must also determine by what method those opinions shall be produced.  Defendants insist they are not currently in custody of the opinions, thus they "cannot produce what [they] do not have" (Doc. 344, p. 1).  Defendants hold the view that Plaintiffs must utilize the provisions of Fed. R. Civ. P. 45 to subpoena the documents from Dr. Turki or his firm Cornerstone Research in the district court where they are located, Washington D.C.  Plaintiff asserts that for all practical purposes, "Dr. Turki is Cornerstone and Cornerstone is Dr. Turki."  Plaintiff alleges obfuscation by the Defendants.

The Court agrees that by the letter of the law, discovery from third parties should occur by way of Rule 45.  The Court notes, however, that the scope and purpose of the Federal Rules are "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  Moreover, the rules governing discovery are broad.  The Supreme Court has stated, "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  The rules provide a number of mechanisms to encourage disclosure of information between parties.

This litigation has been protracted with each side giving no quarter to the other.  Regardless, the

---

[1] The Court notes that the Plaintiffs in both Abbott and Boeing were represented by the same attorneys, which is not the case here.

Court expects the parties to work together to efficiently produce relevant information without unnecessarily prolonging or increasing the costs of litigation. Defendants, it seems to the Court, are in a position to assist Plaintiffs in obtaining the past opinions of Dr. Turki, without requiring Plaintiffs to resort to the potentially expensive and lengthy subpoena procedures described in Rule 45. The Court notes that Dr. Turki is indeed Defendants' expert with relevant information in his possession and is likely to produce the reports if asked to do so by Defendants.[2]

So that the record is clear, it is the intention of this Court that Plaintiffs receive from Defendants the reports of Dr. Turki in the cases that have been identified by Plaintiffs as having issues similar to the case at bar. As an aside, this litigation should move toward resolution, which is only possible if the parties cooperate not only with the letter, but also the spirit of the Rules of Civil Procedure.

## CONCLUSION

Plaintiff's Motion to Compel (Doc. 343) is **GRANTED**. The parties are hereby **ORDERED** to meet and confer regarding production of Dr. Turki's previous reports by **September 9, 2011**. Defendants are **STRONGLY ENCOURAGED** to assist Plaintiffs in obtaining the information sought from Dr. Turki by **September 16, 2011**. In the event that Defendants are unable to facilitate the discovery of the sought-after reports, Plaintiff must resort to the provisions of Rule 45.

**IT IS SO ORDERED.**

**DATED: September 2, 2011**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**

---

[2] The Court recognizes that there is some confusion about which reports still exist and who has possession of them, Dr. Turki, or Cornerstone Research.