#14314

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY SPANO, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )  Case No. 3:06-cv-743-DRH-DGW |
| | ) |
| THE BOEING COMPANY, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**ORDER**

Now pending before the Court is Defendants' Memorandum in Support of Motion to Compel Production of Plaintiffs' Expert Reports (Doc. 356). Defendants request that the Court order Plaintiffs to produce opinions rendered by experts Al Otto and Dr. Pomerantz in other, similar cases filed by counsel for Plaintiffs. For the reasons set forth below the request is **DENIED**.

### BACKGROUND

The Court previously determined that the opinions expressed by Defendants' expert, Dr. Turki, in other cases, were relevant and therefore discoverable by the Plaintiffs. Defendants now argue that they are similarly entitled to the opinions expressed by Plaintiffs' experts in other cases to determine whether expert Otto used the same methodology in other cases and whether he "has offered consistent opinions." In support, Defendants argue that Plaintiffs "opened the door to this form of discovery" (Doc. 356).

In response, Plaintiffs argue that they already produced other expert opinions of Dr. Pomerantz regarding class certification. Plaintiffs further argue that other opinions of Dr. Pomerantz and Dr. Otto as to the merits of the case are not relevant and therefore not discoverable under Fed. R. Civ. P. 26.

Plaintiffs also argue that Defendants' request is too broad in that it asks for all opinions expressed by the experts in other cases, whereas Plaintiffs' request for expert opinions from Defendants was limited to four specific cases.  Plaintiffs finally argue that Defendants' request comes too late because discovery on the merits is closed (Doc. 355).

## ANALYSIS

The Court enjoys broad discretion in managing discovery. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 649 (7th Cir. 2011).  Rule 26 requires the Court to limit the frequency or extent of discovery if it determines that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii).

The Court finds Plaintiffs' arguments more persuasive.  The timeline of the discovery requests is especially telling.  Plaintiffs requested the opinions of Dr. Turki in the four other cases for the purpose of preparing for their deposition of Dr. Turki.  Plaintiffs' requests for opinions of Dr. Turki were made August 23, 2011; Dr. Turki's deposition was scheduled for September 13, 2011.  In the broader context of the case, Plaintiffs' request for reports and the deposition of Dr. Turki occurred before the deadlines for Defendants' to produce expert reports, to hold expert depositions, and before the deadline for Plaintiffs to file a reply to the motion for class certification (See briefing schedule, Doc. 333).  Presumably, the information obtained in the deposition of Dr. Turki informed Plaintiffs' reply.

In contrast, Defendants' request for other expert reports from Dr. Pomerantz and Mr. Otto come after the depositions of these experts have already occurred and after Defendants filed their response in opposition to the motion for class certification.  Neither party indicates that deposition of any expert has yet to occur.  The motion for class certification has been fully-briefed.  The Court's briefing schedule does not provide for Defendants to file a sur-reply (Doc. 333).  Regardless, the Court's Local Rules prohibit sur-replies. *See* SDIL-LR 7.1(c) ("Under no circumstances will sur-reply briefs be accepted.").

2

The Court believes Defendants had ample opportunity to seek other opinions of Dr. Pomerantz and Mr. Otto in a timely manner before discovery was closed and the motions were fully briefed. The Court finds it is simply too late in the case for additional discovery. Moreover, Defendants have not demonstrated, nor does the Court perceive, any prejudice that would result from the denial of Defendants' request.[1]  Accordingly, the Defendants' request for the opinions of experts Pomerantz and Otto in other cases is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 13, 2011**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[1] The Court is fully aware of its prior decision, based on *Brown v. Overhead Door Corporation*, 2008 WL 1924885 (N.D. Ill. Apr. 29, 2008), finding relevant and discoverable expert reports from other cases, but finds that potential relevance of the reports does not overcome the untimeliness of the request.