IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY SPANO, JOHN BUNK, MARLENE )
WHITE, DOUGLAS J. PETERMAN, and )
KENNETH W. GRIFFIN, as representatives )
of a class of similarly situated persons, and on )
behalf of the Plan, )
)
      Plaintiffs, )
)     Case No. 06-cv-743-NJR-DGW
      v. )
)
THE BOEING COMPANY, EMPLOYEE )
BENEFITS PLANS COMMITTEE, SCOTT )
BUCHANAN, and EMPLOYEE BENEFITS )
IMVESTMENT COMMITTEE, )
)
      Defendants. )

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

      This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on July 14, 2015. For the reasons set forth below, it is **RECOMMENDED** that the Motion to Exclude Defendants' Untimely Produced Documents filed by Plaintiffs (Doc. 496) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

      This is an ERISA class action in which Plaintiffs assert Defendants breached fiduciary duties owed to Plaintiffs in operating and administering their 401(k) plans. Pursuant to the Scheduling Order entered in this case, the deadline for discovery was April 8, 2008 (Doc. 54, p. 3). Plaintiffs now complain that approximately two months before trial, and over seven years after the

Page **1** of **7**

close of discovery, Defendants produced a number of documents dated 2004-2006 that they assert relate to Plaintiffs' Company Stock Fund claim.  More specifically, these documents, Bates stamped "BOEING.0085515" to "BOEING.0085656", include compilations of quarterly "Stock Management Review" reports for the years 2004 and 2005 comparing the return of the Company Stuck Fund to the return of Boeing stock, a series of emails dated October 2005 to April 2006 regarding daily trading activity in the Boeing Stock Fund, and materials from 2011 and 2015 regarding alternatives to a "unitized" stock fund structure (hereinafter referred to as "the Documents").  Plaintiffs aver that the Documents are responsive to their discovery requests served on March 5, 2008 and Defendants either had the Documents in their possession at the time they provided their responses or failed to conduct a "reasonable inquiry" before representing that they had no additional responsive documents.  Plaintiffs contend they are prejudiced by the late disclosure of the Documents as their experts have not been able to consider the Documents in forming their opinions for the ten expert reports they have issued and Plaintiffs have been unable to inquire about the Documents during the depositions of Boeing executives, investment staff, and experts.

Defendants timely responded to Plaintiffs' motion (Doc. 504), arguing that Plaintiffs' motion should be denied as it is a "meritless distraction" from the work of trial preparation. Defendants set forth a number of arguments as to why Plaintiffs' motion should be denied.  First, Defendants contend Plaintiffs' motion, although captioned as a "motion to exclude," is a motion in limine, which District Judge Nancy J. Rosenstengel explicitly forbade the parties from filing (Doc. 473, p. 3).  Relatedly, Defendants assert that because Plaintiffs' motion should be characterized as a motion in limine, the undersigned does not have jurisdiction to hear the motion pursuant to Local Rule 72.1(a), which provides that "[t]he Clerk of Court shall refer the following matters to a

Magistrate Judge upon filing: … all pretrial motions for hearing and determination … with the exception of … motions in limine regarding evidentiary matters."

With regard to the merits of Plaintiffs' motion, Defendants contend that Plaintiffs' March 2008 discovery requests did not address the Documents at issue as Plaintiffs' requests were limited to the production of analyses ***"undertaken by Defendants"*** (emphasis added) and the Documents at issue here contain analyses created by State Street or CitiStreet, a third-party to this matter, or do not specially relate to the Boeing Stock Fund at all.   Further, Defendants aver that whether the Documents are responsive or not, they were timely disclosed as they were either (i) recently located or (ii) received from a third party and recently identified for possible use at trial. Moreover, Defendants aver the Documents are merely cumulative of similar reports and correspondence produced years ago, refuting any argument that Plaintiffs will suffer "surprise" or "prejudice" with the introduction of the Documents trial.   A hearing was held on this matter on July 29, 2015, in which the parties proffered additional argument on Plaintiffs' motion to exclude.

### CONCLUSIONS OF LAW

At the outset, the Court finds that Plaintiffs' motion to exclude is properly characterized as a discovery motion related to Rules 26 and 37 of the Federal Rules of Civil Procedure and, as such, is appropriately referred to the undersigned for a report and recommendation.   As articulated by the undersigned during the hearing on this matter, the characterization of Plaintiffs' motion as a motion in limine perverts the meaning and purpose of Rules 26 and 37, as Defendants' argument implies that parties to an action could assert that a myriad of Rule 26 discovery issues are related to admissibility and thus, should be heard as motions in limine before a District Judge, which would, in effect, limit the Magistrate Court's ability to address Rule 26's requirements.

With regard to the substance of Plaintiffs' motion, Plaintiffs complain that Defendants

violated their obligation under Rule 26(e) to supplement their responses to Plaintiffs' requests for production of documents "in a timely manner" upon learning their responses were incomplete or incorrect.   Plaintiffs' motion to exclude invokes Rule 37(c)(1) as the basis on which they ask the Court to prohibit Defendants from using the newly produced documents at trial.   Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that a party who fails to provide information as required by Rule 26(a) or (e) is not allowed to use that information on a motion, at a hearing, or at trial.   Relief from the sanction requires a showing that the failure to disclose was *substantially justified or harmless*.   FED. R. CIV. P. 37(c)(1) (emphasis added).   The pertinent Advisory Committee notes emphasize that the "automatic sanction" of exclusion "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." FED. R. CIV. P. 37(c) Advisory Committee Note (1993).   The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).   The Seventh Circuit Court of Appeals has indicated that the following factors should be considered in determining whether a failure to disclose was justified or harmless: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.   *David v. Caterpillar, Inc.*, 324 F.3d 851, 858 (7th Cir. 2003) (citations omitted).

As to Defendants' contention that the Documents at issue were not responsive to Plaintiffs' document requests, the Court disagrees.   Plaintiffs' discovery requests clearly sought any analyses, consideration, studies, or research ***"undertaken by Defendants"*** concerning various topics and issues related to the Boeing Stock Fund.   Defendants argue that the documents at issue do not contain analyses created by Defendants, but rather, only contain analyses created by State

Street or CitiStreet (hereinafter referred to only as "CitiStreet"). Based on the arguments at the hearing, it appears that CitiStreet undertook the preparation of various reports for Defendant Boeing regarding the Boeing Stock Fund, which it then provided to Boeing. These CitiStreet materials would sometimes be used as Boeing's own presentation materials. Based on these facts, it appears that CitiStreet was an agent of Boeing's and such agency clearly related to the Boeing Stock Fund. Accordingly, Defendants' reading of Plaintiffs' document requests was overly limited and narrow. In any event, even if an argument can be made that Defendants' interpretation of Plaintiffs' requests was proper, Defendants had a duty pursuant to Rule 26(a)(1)(A)(2) to provide a copy of all documents they may use to support their claims or defenses to Plaintiffs. Such a duty extends to all the Documents at issue here, including those documents bates stamped BOEING.0085515 to BOEING.0085528, articles created by State Street discussing the unitization of stock funds in general. Defendants' requirement under Rule 26(a)(1)(A)(2) is also subject to the supplementation obligations under Rule 26(e) and the failure to do so is sanctionable pursuant to Rule 37(c)(1). As such, it is clear that Defendants had an unavoidable obligation to timely disclose the Documents at issue.

The Court disagrees with Defendants' contention that the Documents were timely disclosed as they were either recently discovered or recently designated for possible use at trial. Defendants have provided no evidence as to how or why the documents from Defendants' files were not discovered prior to this point and provided to Plaintiffs. Further, Defendants have not provided a convincing argument or any evidence as to why the documents obtained from third-party CitiStreet were only recently designated for possible use at trial, as the majority of the documents were created between 2004 and 2006. As such, the Court cannot find that there is sufficient justification to excuse the untimeliness of Defendants' production.

With regard to prejudice, it is well supported that Rule 26(e) was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a "supplement" to earlier disclosures.  *Barlow v. General Motors Corp.*, 595 F.Supp.2d 929, 935-36 (S.D. Ind. 2009); *see also Solaia Technology LLC v. ArvinMeritor, Inc.*, 361 F.Supp.2d 797, 806 (N.D. Ill. 2005) (citations omitted).  Disclosure of supplemental documents mere weeks before trial (especially in light of the fact that this matter has been pending since September, 2006), creates clear prejudice to Plaintiffs that Defendants have not been able to refute, including the inability to use these documents during the depositions of Boeing executives, investment staff, and experts, and Plaintiffs' inability to allow their experts to review the Documents in drafting and issuing their reports.  As articulated by Plaintiffs' counsel at the hearing on this matter, Plaintiffs are further disadvantaged by the late production of these documents as they do not know what witnesses will testify to regarding these documents and they have prepared for trial in this case on the record as it was established prior to receiving the Documents.  For these reasons, Plaintiffs aver that if the Documents are not excluded, discovery in this matter should be reopened, which will necessarily require continuing the carefully scheduled four-week trial in this matter, a continuance that the Court will not entertain based on the arguments before it.  The trial in this matter **WILL** begin on August 26, 2015 at 9:00 a.m.

Importantly, the Court is not convinced that the Documents at issue are merely cumulative of documents that have previously been produced.  Although the Court is mindful that a portion of the Documents are clearly duplicative, the Court finds that only thirteen of the one hundred and forty-one pages of newly produced documents are "cumulative."  Accordingly, the Court is not convinced that Plaintiffs will not be prejudiced or "surprised" by the recent disclosure of the newly produced documents.

CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Exclude Defendants' Untimely Produced Documents filed by Plaintiffs (Doc. 496) be **GRANTED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

**The parties are hereby NOTIFIED that given the time constraints relating to the pendency of the upcoming trial, the time limits set out in  28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b) are hereby shortened to 7 days.  The parties shall have until August 7, 2015 to file any written objection to this Report and Recommendation.**   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

Finally, as indicated at the hearing, the Court will unseal the documents contained in Document 502, Plaintiff's Exhibits 5, 6, and 7 to their motion to exclude (Doc. 496), on **August 17, 2015**.  Accordingly, any arguments asserting good cause as to why the documents should remain sealed **SHALL** be filed by **August 14, 2015**.  Finally, Plaintiffs' counsel is **DIRECTED** to file a motion with the Court concerning the dispute related to the production of invoices if they would like the Court to address this issue further.

**DATED: July 31, 2015**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**