IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY SPANO, JOHN BUNK, MARLENE WHITE, DOUGLAS PETERMAN, and KENNETH GRIFFIN, as representatives of a class of similarly situated persons, and on behalf of the Plan,<br><br>          Plaintiffs,<br><br>vs.<br><br>THE BOEING COMPANY, EMPLOYEE BENEFITS PLANS COMMITTEE, SCOTT BUCHANAN, and EMPLOYEE BENEFITS INVESTMENT COMMITTEE,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 06-CV-0743-NJR-DGW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 513), which recommends that the Court should grant Plaintiffs' Motion to Exclude Defendants' Untimely Produced Documents (Doc. 496). The Report and Recommendation was entered on July 31, 2015. On August 7, 2015, Defendants filed an Objection to the Report and Recommendation (Doc. 520). On August 12, 2015, Plaintiffs filed a Response to Defendants' Objection to the Report and Recommendation (Doc. 529).

On June 8 and 23, 2015, Defendants produced a series of documents that Plaintiffs assert relate to their Company Stock Fund claim. Specifically, these documents included:

compilations of quarterly "Stock Fund Management Review" reports for the years 2004 and 2005 comparing the return of the Company Stock Fund to the return of Boeing stock; a series of emails dated October 2005 to April 2006 regarding daily trading activity in the Boeing Stock Fund; and materials from 2011 and 2015 regarding alternatives to a "unitized" stock fund structure.

On July 14, 2015, Plaintiffs filed a Motion to Exclude (Doc. 496) these documents[1] pursuant to Rule 37(c)(1) on the basis that Plaintiffs had previously requested the documents through discovery over seven years ago and Defendants had no valid justification for withholding them until 2015. Plaintiffs also argued that they are prejudiced by the late disclosure of the documents as their experts were not able to consider the documents in forming their opinions for the ten experts reports issued, and Plaintiffs have been unable to inquire about the documents during the depositions of Boeing executives, investment staff, and experts.

Defendants responded setting forth a series of arguments. First, Defendants argued that Plaintiffs' motion is in effect a motion *in limine*, which the undersigned District Judge explicitly forbade the parties from filing (Doc. 473, p. 3). Second, Defendants argued that, because the motion should be treated as a motion *in limine*, Magistrate Judge Wilkerson does not have jurisdiction to hear the motion pursuant to Local Rule 72.1(a). Third, Defendants argued that the motion fails on its merits because Plaintiffs never requested these documents. Defendants point out that Plaintiffs' March 2008 discovery requests asked for the production of analyses "undertaken by

---

[1] Plaintiffs moved to exclude all documents within the Bates range of BOEING.0085515 through BOEING.0085656.

Defendants" with respect to particular Boeing Stock Fund-related topics (Doc. 496, p. 2). According to Defendants, the documents they disclosed contain analyses created by State Street/CitiStreet, a third party to this matter, or do not specifically relate to the Boeing Stock Fund at all. Fourth, Defendants argued that these documents were timely disclosed as they were either (i) recently located or (ii) received from a third party and recently identified for possible use at trial. Defendants also averred that some of the documents are merely cumulative of similar reports and correspondence that were produced years ago.

On July 29, 2015, Magistrate Judge Wilkerson held a hearing on this matter, in which the parties proffered additional argument regarding Plaintiffs' motion to exclude. On July 31, 2015, Magistrate Judge Wilkerson issued a Report and Recommendation, recommending that the Court should grant the Motion to Exclude (Doc. 513). At the outset, Magistrate Judge Wilkerson determined that Plaintiffs' motion is properly characterized as a discovery motion related to Rules 26 and 37 of the Federal Rules of Civil Procedure, and not a motion *in limine* as Defendants argued (Doc. 513, p. 3). Magistrate Judge Wilkerson disagreed with Defendants' contention that the documents were not responsive to Plaintiffs' document requests (*Id.*, p. 4-5). Magistrate Judge Wilkerson also disagreed with Defendants' contention that the documents were timely disclosed as Defendants provided no evidence as to how or why the documents from Defendants' files were not discovered prior to this point, nor did they provide a convincing argument as to why the documents obtained by State Street/CitiStreet were only recently designated for possible use at trial (*Id.*, p. 5-6). Lastly, Magistrate Judge

Wilkerson found that the disclosure created clear prejudice to Plaintiffs that Defendants did not adequately refute (*Id.*, p. 6).

As previously indicated, Defendants have filed an objection to the Report and Recommendation (Doc. 520). In the Objection, Defendants indicate that they only object to the Report and Recommendation as to a particular set of documents: the quarterly Stock Management Review reports for the years 2004 and 2005 comparing the return of the Company Stock Fund to the return of Boeing stock (which the Court hereafter refers to as "Documents"). Defendants indicate in their objection that they withdraw the other two categories of documents from dispute and they will not introduce these documents at trial.[2] As to the Documents at issue, Defendants argue that these documents were not responsive to Plaintiffs' requests for production because the analyses were undertaken by State Street/CitiStreet--not by Boeing. Defendants next argue that these documents were promptly produced after Boeing's trial counsel recognized that they "may be used to support its claims or defenses" pursuant to Rule 26(e). Defendants also again reiterate that the State Street/CitiStreet analyses contain much of the same information as the Trust Investment Group reports and thus Plaintiffs did not suffer any prejudice.

Although Defendants did not clearly object to this particular finding, the Court begins by noting that Magistrate Judge Wilkerson correctly classified the motion as a discovery motion related to Rules 26 and 37 of the Federal Rules of Civil Procedure. The first question is the appropriate standard of review. For dispositive matters, the district court must "determine *de novo* any part of the magistrate judge's disposition that has

---

[2] These documents include the series of emails dated October 2005 and April 2006 regarding daily trading activity in the Boeing Stock Fund and materials from 2011 and 2015 regarding alternatives to a "unitized" stock fund structure.

been properly objected to," FED.R.CIV.P. 72(b), while for non-dispositive matters, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law," FED.R.CIV.P. 72(a); *see also MacNeil Auto. Products, Ltd. v. Cannon Auto. Ltd.*, No. 08 C 0139, 2011 WL 812140, at *2 (N.D. Ill. Mar. 1, 2011). In this unique situation, Magistrate Judge Wilkerson issued a Report and Recommendation rather than an order disposing of the non-dispositive motion. The Court believes that the clearly erroneous standard applies to the instant motion. FED. R. CIV. P. 72(a); *see Sparks Tune-Up Centers, Inc. v. Strong*, No. 92 C 5902, 1994 WL 188211, at * 2 (N.D. Ill. May 12, 1994). The Court recognizes, however, that a Northern District of Illinois court has held in an unreported decision that when "a magistrate judge chooses to issue a Report and Recommendation instead of an Order on a nondispositive motion and neither party opposes that choice, the district judge shall presume that the parties acquiesced to the magistrate judge's treatment of the matter as dispositive and, therefore, shall make a *de novo* review of those portions of the Report and Recommendation to which timely objections are made." *United Central Bank v. Kanan Fashions, Inc.*, No. 10 C 331, 2011 WL 4396856, at *2 (N.D. Ill. Sept. 21, 2011). In light of the fact that it is not entirely clear which standard applies to this hybrid circumstance, the Court finds that Magistrate Judge Wilkerson's decision on this motion more than satisfies the clearly erroneous standard and, as the following analysis demonstrates, also survives a more stringent *de novo* review. *See Lanphere v. 1 Corp.*, No. 10 C 4774, 2012 WL 1966010, at *1 (N.D. Ill. May 31, 2012) (declining to definitively opine as to which standard should apply and adopting the magistrate judge's recommendations under the *de novo* standard of review).

As Defendants have withdrawn the two other categories of documents, the Court centers its analysis on the quarterly Stock Management Review reports for the years 2004 and 2005 that compare the return of the Company Stock Fund to the return of Boeing stock.[3]

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party is not allowed to use information that it should have, but failed to, disclose under Rule 26(a) or (e), unless such failure was substantially justified or harmless. Here, Defendants bear the burden of establishing that the failure was substantially justified or harmless. *Finwall v. Chicago*, 239 F.R.D. 494, 503 (N.D. Ill. 2006); *see also Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). Defendants contend that the Documents were not responsive to Plaintiffs' document requests. The relevant document request sought "documents reflecting any consideration, survey, analysis, study or research *undertaken by Defendants*" concerning various topics and issues related to the Boeing Stock Fund (Doc. 491-1, p. 10). Defendants argue that the Documents are not responsive to this request because the analysis reflected in the documents was performed by State Street/CitiStreet, not Defendants themselves. Pursuant to a contract between Defendant Boeing and State Street/CitiStreet, State Street/CitiStreet was to generate quarterly reports relating to the Boeing Stock Fund (Doc. 520-2). As Magistrate Judge Wilkerson concluded, State Street/CitiStreet undertook the preparation of various reports *for* Defendant Boeing regarding the Boeing Stock Fund, which it then *provided* to Boeing. Although Boeing did not actually perform the analysis itself, it hired a third party vendor to do the analysis for it (Doc. 519, p. 22, 27). As indicated at the hearing before

---

[3] These documents are located at Doc. 502-1 & Doc. 502-2.

Magistrate Judge Wilkerson, these materials would sometimes be used as Defendant Boeing's own presentation materials (Doc. 519, p. 27). Further, it can be reasonably presumed that Defendant Boeing, upon receiving the reports, would review or consider the reports for analysis, study, or research. Thus the Court agrees with Magistrate Judge Wilkerson's view that Defendants' reading of Plaintiffs' document requests was "overly limited and narrow," and the documents in question are in fact responsive to Plaintiffs' production request (Doc. 513, p. 5).

Nonetheless, Defendants had a duty to disclose such documents pursuant to Rule 26(a)(1)(A)(ii). Rule 26(a)(1)(A)(ii) provides that a party must, without awaiting a discovery request, provide to the other party ". . . all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(ii). This duty extends to the Documents at issue here. Both Rule 34 responses and Rule 26(a) disclosures must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." FED. R. CIV. P. 26(e).

Discovery closed on April 8, 2008, yet the Documents were created in 2004 and 2005. The purpose of Rule 26(a)(1) "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." FED. R. CIV. P. 26(a) advisory committee's note. Although Rule 26(e) allows for supplementation after the discovery cutoff, its purpose is to prevent unfair surprise at trial by ensuring that the other party has adequate notice of the new information. *See*

*Fast Food Gourmet, Inc. v. Little Lady Foods, Inc.*, No. 05 C 760, 2007 WL 3052944, *3 (N.D. Ill. Oct. 18, 2007); *see also Talbert v. City of Chicago*, 236 F.R.D. 415, 421 (N.D. Ill. 2006); *see also Andrews v. CBOCS West, Inc.*, No. 09-cv-1025-WDS-SCW, 2011 WL 722606, at *3 (S.D. Ill. Feb. 23, 2011); *see also Goldman v. Checker Taxi Co.*, 325 F.2d 853, 855 (7th Cir. 1963) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)) (discovery provisions in the Federal Rules intended to make "trial less a game of blindman's buff and more a fair contest with the basic issues and *facts disclosed to the fullest practicable extent*.").

Defendants argue generally in their Objection to the Report and Recommendation that they supplemented their production on June 8, 2015, promptly after Boeing's trial counsel recognized that they may be used to support its claims or defenses. But Defendants do not elaborate or explain why these documents were only recently designated for possible use at trial, nor have they explained why they were not discovered at the time of the initial disclosure. Defendants have not met their burden of providing the Court with a sufficient justification to excuse such untimeliness.

According to the Seventh Circuit, the following factors should guide the Court in determining whether a purported discovery violation is justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *see* FED. R. CIV. P. 37(c)(1).

Defendant argues that the Documents are duplicitous and thus Plaintiffs have

suffered no prejudice as a result of the late disclosure. At the hearing, Magistrate Judge Wilkerson compared some of the Documents with other documents included in the original production and was ultimately unconvinced that Plaintiffs would not be prejudiced or "surprised" by the recent disclosure. In their Objection, Defendants attach a new chart in order to specifically identify the overlap of information in the supplemental and original document productions. The Court has access to these supplemental Documents at Doc. 502, but Defendant did not attach the supplemental and original document productions to their Objection on the basis that they are "voluminous."

The Court has discretion to consider additional materials outside the motion briefing (such as this new chart) when considering an objection to a Report and Recommendation. *See Calatuyud v. Townley*, Case No. 12-cv-792-JPG, 2015 WL 514594, at *3 (S.D. Ill. Feb. 6, 2015) (the court exercised its discretion and declined to consider additional materials outside of the motion briefing when considering an objection to a Report and Recommendation); *see also Tenen v. Winter*, 15 F. Supp. 2d 270, 272 (W.D. N.Y. 1998) ("The district judge will normally not consider arguments, case law, or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance."). The Court does not feel it necessary or worth its time to undertake a document-by-document comparison of "voluminous" documents to confirm what is portrayed on the chart created by Defendants. The chart itemizes and classifies approximately fifty-five of the supplemental Documents as being duplicitous, which does not account for all of the supplemental Documents produced by Defendants that

are at issue here. While some of the Documents do appear to contain information that is duplicitous, this alone is insufficient to demonstrate a complete lack of prejudice to the Plaintiffs.

As everyone is painstakingly aware, this nine-year old case is now on the eve of trial. Plaintiffs have been unable to use these documents during the depositions of Boeing executives, investment staff, and experts. Plaintiffs have indicated that they do not know what witnesses will testify regarding these documents, and they have prepared for trial in this case on the record as it was established prior to receiving these Documents. Allowing the admission of these Documents would undoubtedly disrupt the trial date, and the Court refuses to allow it. The Court set this 20-day trial back in February 2015, and has carefully and tightly scheduled it around other trials and hearings.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 513) and **GRANTS** Plaintiffs' Motion to Exclude Defendants' Untimely Produced Documents (Doc. 496).

**IT IS SO ORDERED.**

**DATED: August 19, 2015**

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**