IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY SPANO, JOHN BUNK, MARLENE WHITE, DOUGLAS PETERMAN, and KENNETH GRIFFIN, as representatives of a class of similarly situated persons, and on behalf of the Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>THE BOEING COMPANY, EMPLOYEE BENEFITS PLANS COMMITTEE, SCOTT BUCHANAN, and EMPLOYEE BENEFITS INVESTMENT COMMITTEE,<br><br>Defendants. | Case No. 06-CV-743-NJR-DGW |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Expenses and for Case Contribution Awards for Named Plaintiffs (Doc. 563). In their Motion, Class Counsel requests that the Court approve a fee for its role in obtaining a settlement of class claims under the Employee Retirement Income Security Act ("ERISA"). The settlement provides a $57 million monetary recovery for the benefit of as many as 244,000 current and former participants in the Boeing Company Voluntary Investment Plan ("VIP"), the largest 401(k) plan offered to certain employees of the Boeing Company, as well as powerful affirmative relief designed to reduce fees and improve investment offerings.

Class Counsel has asked this Court to approve a fee award of $19,000,000, which constitutes one-third of the monetary settlement obtained. Additional improvements to the Plan as a result of the litigation and settlement bring the true value to the Class far higher.

Class Counsel has also asked this Court to award it $1,813,198.85 for outstanding expenses. Additionally, Class Counsel has requested this Court approve $25,000 in incentive awards to Class Representatives Gary Spano, John Bunk, and Marlene White, and $10,000 in incentive awards to Class Representatives Kenneth Griffin and Douglas Peterman.

Pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, Class Counsel directed the mailing of individual notices to the Class and created a Class website to provide information to the Class. Individual notices were mailed to over 244,000 potential Class Members, yet only four objected to Class Counsel's request for fees and costs (*see* Docs. 565, 566, 567, 572, 573). This Court finds the lack of any significant number of objections to be a sign of the Class's overwhelming support for Class Counsel's request. This is particularly true as the response rate among those Class Members required to return a claim form has exceeded 33%—indicating not only a very successful notice campaign, but also a Class mobilized and interested in the full resolution of this case.

Class Counsel has zealously represented American workers and retirees seeking to improve their retirement plan over the last nine years. Jerome Schlichter and the firm of Schlichter, Bogard & Denton have firmly established their reputation as the "pioneer and the leader in the field of retirement Plan litigation." *Abbott v. Lockheed Martin Corp.*, No. 06-701, 2015 U.S. Dist. LEXIS 93206, at *8 (S.D. Ill. July 17, 2015) (J. Reagan). Their requested fee is well within reasonable levels for a case such as this one. For the reasons set forth below, Class Counsel's Motion (Doc. 563) is granted.

I.  **FINDINGS AND CONCLUSIONS**

Under the "common-fund" doctrine, class counsel is entitled to a reasonable fee drawn from the commonly held fund created by a settlement for the benefit of the class. *See, e.g. Boeing Co. v. VanGemert*, 444 U.S. 472, 478 (1980). Additionally, the United States Court of

Appeals for the Seventh Circuit has found that attorneys' fees based on the common fund doctrine are appropriate in ERISA cases. *See Florin v. Nationsbank*, 34 F.3d 560, 563 (7th Cir. 1994). A court must also consider the overall benefit to the Class, including non-monetary benefits, when evaluating the fee request. *Beesley v. Int'l Paper Co.*, No. 06-703, 2014 U.S. Dist. LEXIS 12037, at *5 (S.D. Ill. Jan 31, 2014) (J. Herndon) (citing Manual for Complex Litigation, Fourth, § 21.71, at 337 (2004)). This is important so as to encourage attorneys to obtain meaningful affirmative relief.

Class Counsel's efforts throughout the litigation and during settlement added significant material value to the VIP participants. It has and will continue to benefit the classes, as well as future VIP participants, year after year into the future. Since the filing of this action, VIP recordkeeping and investment management fees have dropped significantly, saving the Class millions of additional dollars each year. In addition, past improvements to the Company Stock Fund and an upcoming evaluation of the Technology Fund will further enhance the VIP for its participants and beneficiaries.

In determining whether to grant a fee application in a class action settlement, the Seventh Circuit Court of Appeals requires the Court to determine whether a requested fee is within the range of fees that would have been agreed to at the outset of the litigation in an arms-length negotiation given the risk of nonpayment and the normal rate of compensation in the market at the time. *See In re Synthroid Marketing Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). In common fund cases, "the measure of what is reasonable [as an attorney fee] is what an attorney would receive from a paying client in a similar case." *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000). "[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would

receive if he were selling his services in the market rather than being paid by court order." *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992). This requires the district judge to "ascertain the appropriate rate for cases of similar difficulty and risk, and of similarly limited potential recovery." *Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir. 1986).

When determining a reasonable fee in common fund cases, the Seventh Circuit Court of Appeals uses the percentage basis rather than a lodestar or other basis. *See Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998); *see also Florin*, 34 F.3d at 566 (but leaving to the discretion of the district court the determination as to which method is the most efficient and suitable in a given case). "A one-third fee is consistent with the market rate in settlements concerning this particularly complex area of law." *Abbott*, 2015 U.S. Dist. LEXIS 93206, at *7 (J. Reagan); *Beesley v. Int'l Paper Co.*, 2014 U.S. Dist. LEXIS 12037, at *10 (J. Herndon); *Will v. General Dynamics Corp.*, No. 06-698, 2010 U.S. Dist. LEXIS 123349, at *9 (S.D. Ill. Nov. 22, 2010) (finding that in ERISA 401(k) fee litigation, "a one-third fee is consistent with the market rate") (J. Murphy). Comprising 33 1/3 % of the monetary recovery, and far less when non-monetary relief is considered, as it must be, Class Counsel's fee application is reasonable.

Class Counsel's fee request is justified in this case given the extraordinary risk counsel accepted in agreeing to represent the Class; the fact that Class Counsel brought this kind of case when no one else had; Class Counsel's willingness to pursue this action over more than nine and a half years of litigation; the monetary recovery, which is the second largest of any such case; and the enormous value of the improvements and future relief included in this settlement to VIP participants.

A $19,000,000 fee would be justified without considering non-monetary benefits to the Class, however, the Court notes that these benefits are real and significant enhancements that must be considered. Dr. Stewart Brown, Professor Emeritus of Finance at Florida State University, calculated that the recordkeeping fee savings have already benefited the Plan and will continue to benefit the Plan into the future (*See* Doc. 562-2). Factoring in these benefits, the requested fee is far less than one-third of the actual net value of the settlement to the Class. Accounting for these savings, as the Court is required to do, the requested fee is far less than one-third of the benefit to the Class.

The law firm Schlichter, Bogard & Denton demonstrated skill and determination in obtaining this result for the Class. Class Counsel performed substantial work for over a year before filing suit, including investing hundreds of hours of attorney time, investigating, speaking with VIP participants, obtaining documents from public sources and the plan administrator, reviewing and analyzing plan documents and financial statements, developing expertise regarding industry practices, conducting extensive legal research and fashioning the Class's claims at a time when such cases did not exist. Schlichter, Bogard & Denton added great value to the Class throughout the litigation through the persistence and skill of their attorneys.

This type of litigation over 401(k) fees did not exist until September 2006, when Schlichter, Bogard & Denton began holding employers responsible for alleged fiduciary breaches. Since that time, Class Counsel has been committed to the interests of the participants and beneficiaries of Boeing's 401(k) plan in pursuing this case and several other 401(k) fee cases of first impression. The law firm Schlichter, Bogard & Denton has significantly improved 401(k) plans across the country by bringing cases such as this one,

which have "educated plan administrators, the Department of Labor, the courts and retirement plan participants about the importance of monitoring recordkeeping fees." *Tussey v. ABB, Inc.*, 2015 U.S. Dist. LEXIS 164818, at *7–8 (W.D. Mo. Dec. 9, 2015). "The fee reduction attributed to Schlichter, Bogard & Denton's fee litigation and the Department of Labor's fee disclosure regulations approach $2.8 billion in annual savings for American workers and retirees." *Nolte v. Cigna, Corp.*, No. 07-2046, 2013 U.S. Dist. LEXIS 184622, at *6 (C.D. Ill. Oct. 15, 2013) (J. Baker).

The use of a lodestar cross-check is no longer recommended in the Seventh Circuit. *See In re Synthroid Marketing Litig.*, 325 F.3d 974, 979–80 ("The client cares about the outcome alone" and class counsel's efficiency should not be used "to reduce class counsel's percentage of the fund that their work produced."); *Beesley*, 2014 U.S. Dist. LEXIS 12037, at *10 ("The use of a lodestar cross-check has fallen into disfavor."); *Will*, 2010 U.S. Dist. LEXIS 123349, at *10 ("The use of a lodestar cross-check in a common fund case is unnecessary, arbitrary, and potentially counterproductive."). Nevertheless, this Court finds that Class Counsel spent 21,986.8 attorney hours and 4,828.2 hours of non-attorney professional time litigating this case (Doc. 562-4).[1] Class Counsel will also spend substantial time over the next three years because Class Counsel is committed to monitor compliance by Defendants with the terms of the settlement agreement and has committed to bring an enforcement action if needed without cost to the Class.

Although using a lodestar cross-check is disfavored, this Court finds that the reasonable hourly rate for Class Counsel's services at this time are as follows: for attorneys with at least 25 years of experience, $998 per hour; for attorneys with 15–24 years of

---

[1] "The Court may rely on summaries submitted by attorneys and need not review actual billing records." *Abbott*, 2015 U.S. Dist. LEXIS 93206, at FN1 (citing authority).

experience, $850 per hour; for attorneys with 5–14 years of experience, $612 per hour; for attorneys with 2–4 years of experience, $460 per hour; for Paralegals and Law Clerks, $309 per hour; for Legal Assistants, $190 per hour.[2] Given these rates, the lodestar value for Class Counsel's services with no enhancement for risk would be $18,066,346. Class Counsel's fee request for $19,000,000 represents a risk multiplier of only 1.05. In risky litigation such as this, lodestar multipliers can be reasonable in a range between 2 and 5. *See, e.g., McClaran v. Carolina Ale House Operating Co.*, Case 14-3884, 2015 U.S. Dist. LEXIS 112985, at *6 (D.S.C. Aug. 26, 2015) ("Courts have generally held that a lodestar multiplier falling between 2 and 4.5 demonstrate a reasonable attorney's fees."); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 103, 123 (2d Cir. 2005) (approving multiplier of 3.5). That Class Counsel's request represents only slightly more than an unenhanced lodestar reflects a substantial bargain for the Class.

This Court further finds that the expenses for which Class Counsel seek reimbursement were reasonable and necessary. "It is well established that counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses, which includes such things as expert witness costs; computerized research; court reporters; travel expense; copy, phone and facsimile expenses and mediation." *Abbott*, 2015 U.S. Dist. LEXIS 93206, at *13 (citing FED. R. CIV. P. 23; *Boeing v. Van Gemert*, 444 U.S. at 478). Class Counsel's incentive was to control costs as much as possible over the course of this protracted litigation, and there is no evidence they failed to do so.

---

[2] As Class Counsel note in their Response to Objectors (Doc. 580, n. 5), much of the time was spent by counsel of record on this case, Jerome Schlichter ($998/hr.), Michael Wolff ($998/hr.), Mark Boyko ($612/hr.), and Sean Soyars ($612/hr). These same attorneys had their 2015 rates previously approved by Chief Judge Reagan in *Abbott v. Lockheed Martin Corp.*, 2015 U.S. Dist. LEXIS 93206, at *11–12 and by Judge Laughrey in a contested fee request after trial in *Tussey v. ABB, Inc.*, 2015 U.S. Dist. LEXIS 164818, at *23–24. These 2016 rates reflect only a modest and conservative increase over those previously approved by those courts. This update is within the range of fee increases for national firms. Sara Randazzo and Jacqueline Palank, *Legal Fees Cross New Mark: $1,500 an Hour*, THE WALL STREET JOURNAL, Feb. 9, 2016.

Additionally, Plaintiffs request $25,000 incentive awards to three Class Representatives who followed this litigation over its entire duration, Mr. Spano, Mr. Bunk, and Ms. White.[3] Finally, Plaintiffs request $10,000 each to Mr. Griffin and Mr. Peterman, both of whom were named class representatives more recently, but who engaged in discovery, were deposed, and prepared for trial. "Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid Marketing Litig.*, 264 F.3d at 722–23. The record suggests that the Class Representatives initiated the action, took on a substantial risk, remained in contact with Class Counsel, and acted at all times for the benefit of the Class and their respective sub-classes.

Awards of $25,000 for a Class Representative award and total Class Representative awards of less than one percent of the fund are consistent with awards in comparable cases, even those which have not required such a long commitment. *See, e.g. Beesley*, 2014 U.S. Dist. LEXIS 12037, at *14 (awarding $25,000 to each of the three named plaintiffs). Accordingly, the Court awards $25,000 each to Mr. Spano, Mr. Bunk, and Ms. White, and $10,000 each to Mr. Griffin and Mr. Peterman.

## II. CONCLUSION

After consideration of Class Counsel's Motion, and consistent with the findings of the Independent Fiduciary, the Court concludes that the requested attorneys' fees and cost reimbursements are fair, reasonable, and merited by Counsel's efforts resulting in relief for the class. Accordingly, it is **ORDERED** that the requested attorneys' fees of $19,000,000 are **APPROVED**.

---

[3] Ms. White was named a class representative upon the death of her husband, Mr. James White. Ms. White is the beneficiary of his account. No separate award was requested for Mr. White.

It is **FURTHER ORDERED** that the requested reimbursement of $1,813,198.85 in outstanding costs is **APPROVED**. The Settlement Administrator shall pay the combined sum of $20,813,198.85 to the firm of Schlichter, Bogard & Denton out of the Settlement Fund and shall separately pay Plaintiffs Spano, Bunk, and White $25,000 each, and Plaintiffs Griffin and Peterman $10,000 each.

Finally, and for the reasons stated on the record at the hearing held on March 30, 2016, all objections to the amount of the attorneys' fees, requested reimbursement, and incentive awards are **OVERRULED**.

**IT IS SO ORDERED.**

**DATED:** March 31, 2016

                                                s/ Nancy J. Rosenstengel_____
                                                **NANCY J. ROSENSTENGEL**
                                                **United States District Judge**